**Alvin L. HEWITT, Appellant,**

v.

**John NIELSEN, Appellee.**

**No. 12627.**

Court of Civil Appeals of Texas, Austin.

June 29, 1977.

Frank D. Kerbow, Austin, for appellant.

William C. Davidson, Jr., Campbell & Davidson, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a partial summary judgment entered in a bill of review proceeding. A preliminary question concerns the finality of the summary judgment. We have concluded that the judgment is not final, and, as a result, we will dismiss the appeal.

In March, 1976, appellee, John Nielsen, filed a petition in the nature of a bill of review to set aside a previous judgment in a trespass to try title suit and for a determination on the merits in the trespass to try title suit. On February 15, 1977, the district court entered the partial summary judgment for appellee.

The summary judgment set aside the previous judgment and vested title to certain land in appellee. The judgment also granted relief for appellee against appellant, Alvin L. Hewitt " . . . in an amount equal to the proceeds received by the said Alvin L. Hewitt . . . " from the sale of the lots, " . . . *the amount of the sales price of the lots above described to be determined at a subsequent hearing."* (Emphasis added) That part of the cause of action was *not* severed.

▇▇▇ To be final, a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 335, 295 S.W.2d 890 (1956). A judgment is interlocutory when it determines less than all issues as to all parties thereby leaving "something further to be determined and adjudicated by the court in disposing of the parties and their rights." 4 McDonald, *Texas Civil Practice,* § 17.03.1

(1971). The ultimate determination of whether a judgment is interlocutory depends upon whether the judgment leaves any issues remaining which require judicial examination or re-examination. *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ.App. 1977, no writ).

■ A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when, and not before, the same is merged in a final judgment disposing of the whole case. *Pan American Petroleum Corporation v. Texas Pacific Coal and Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959).

■ In determining the finality of a judgment, the reviewing court looks to the judgment itself. *Clabaugh v. City of Tyler*, 531 S.W.2d 152 (Tex.Civ.App.1975, no writ), *Gregory v. Lytton*, 422 S.W.2d 586 (Tex.Civ. App.1967, writ ref. n. r. e.). The summary judgment in the case at bar, on its face, shows that the district court reserved an issue for determination at a later time. The amount of the judgment entered against appellant was " . . . to be determined at a subsequent hearing." The express postponement of the determination of that part of the case rendered the summary judgment interlocutory.

The appeal is dismissed.