Agnes **CHRISTIE**, Appellant,

v.

Pauline Griffin **LOWREY** et al., Appellees.

No. 20060.

Court of Civil Appeals of Texas, Dallas.

Nov. 14, 1979.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Luther Truett, J. E. Abernathy, W. H. Vitz, Warden, Aston & Vitz, McKinney, for appellees.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

GUITTARD, Chief Justice.

This case comes to us as an interlocutory appeal from an order of the district court denying a motion to vacate an order signed six years earlier appointing a receiver or trustee.[1] The ground of the motion is that the conditions which led the parties to apply for the appointment no longer exist. We hold that the original order cannot properly be vacated on grounds arising after the appointment, but we construe the motion as one seeking termination of the trusteeship rather than vacation of the original appointment. On that basis we hold that the order appealed from is final rather than interlocutory and that the trial court erred in failing to terminate the trusteeship insofar as the land is concerned because the original purpose no longer exists.

*History of Proceedings in Trial Court*

The original order was issued in 1973 on the application of Agnes Christie, life tenant under the will of D. P. Christie. She alleged that she had a life estate in approximately 135 acres of unimproved agricultural land in Collin County which her father, D. P. Christie, devised to her for life, and on her death to her surviving brother and sisters for their lives, and on the death of the last survivor, then to the grandchildren of the testator and their descendants. The life tenant alleged that the land provided little income in relation to its market value and prayed that a receiver or trustee be appointed with power to sell the land and invest the proceeds during her life so that she could pay ad valorem taxes and receive

---

1. Although the motion refers to the order as one appointing a receiver, the order in question purports to appoint a trustee. For the purpose of this opinion, the difference is immaterial.

a higher income and so that the corpus could be preserved for the remaindermen. Her motion named as defendants the secondary life tenants, all the living grandchildren and their descendants, some of whom were minors, and also named as a class all descendants yet unborn or born after the date of the will. The adult defendants appeared and answered. A guardian ad litem was appointed for the minor remaindermen and another guardian ad litem was appointed for the unborn and after-born remaindermen.

By agreement of all parties, including the guardians ad litem, the district court signed an order dated June 25, 1973, granting the equitable relief sought, appointing Cecil Mannefeld as trustee, and authorizing the trustee to sell and convey the property. On June 4, 1974, the court signed another agreed order, styled "Final Judgment and Order Directing Distribution of Proceeds of Sale and Defining Trusteeship." This order recites that the trustee had sold the property for a consideration including a net down payment of $123,035.85 and a promissory note for $1,151,476.65 on which the trustee had received an advance interest payment of $86,360.07. The order directs the trustee to apply the cash on hand to the payment of a fee for the attorney for the life tenant, a commission for the trustee, fees for the guardians ad litem and the attorney for the trustee, and other expenses. The order further provides that the trustee should continue to administer the funds and the proceeds of the note in accordance with a trust agreement attached to the order until termination of the life estate of the original plaintiff, Agnes Christie, and other secondary life tenants named in the will of D. P. Christie, and that on the death of all life tenants, the trustee should deliver the corpus to the remaindermen in accordance with the will. The trust agreement, which was approved by the court and by all parties, including the guardians ad litem, confers on the trustee all the powers conferred on trustees by the Texas Trust Act and directs the payment of income to the life tenant, but requires the trustee to secure court approval of all investments and disbursements.

The next order appearing in the record is one dated January 13, 1978, accepting the resignation of the original trustee and appointing William H. Jouette as substitute trustee. This order also directs that $4,184.28 be paid out to the life tenant, Agnes Christie.

The present proceeding was initiated by filing on April 24, 1979, of a "Joint Motion of Plaintiff and Certain Defendants to Vacate Orders Appointing Receiver." This motion names as movants the life tenant, the secondary life tenants, and all adult remaindermen, and alleges that these parties have compromised and resolved all disputes and have agreed that there no longer exists any legal or equitable grounds to justify continuance of the receivership or a sale of the property in question. The motion further alleges that although the property had previously been sold by the trustee, the purchaser had defaulted on the purchase money note and the land had been reclaimed by the trustee, but that there was no longer any necessity to sell the land, since the trustee had on hand sufficient funds from the original sale to pay ad valorem taxes and other expenses for an indefinite time and that the original plaintiff and life tenant no longer required income as holder of the life estate. The motion alleges that it would be for the best interest of the two remaining minor secondary remaindermen, as well as any potential unborn remaindermen, to modify the previous judgment by rescinding and vacating the order appointing the receiver. The motion prays "that the Judgment entered in the above numbered and entitled cause on June 25, 1973, be vacated and that the property in question in the above numbered and entitled cause not be sold."

Answers to this motion were filed by the substitute trustee and both guardians ad litem. All these answers contained general denials and prayed that the relief sought in the motion be denied. After hearing evidence, the judge signed an order denying the motion, and the movants have perfected this appeal as one from an interlocutory

order within the requirements of Rule 385 of the Texas Rules of Civil Procedure. Appellants seek to invoke our jurisdiction under article 2250, Tex.Rev.Civ.Stat.Ann. (Vernon 1971), which gives us jurisdiction to review an interlocutory order "[o]verruling a motion to vacate an order appointing a receiver or trustee in any case."

### Vacation of Order of Appointment

■ Appellants contend that the trial court erred in refusing to vacate its previous order appointing a receiver for the reason that there no longer exists any justiciable issue between the parties or any legal or equitable grounds to justify a continuance of the receivership or any sale of the property in question. We are thus faced with the question of whether the appointment of a receiver or trustee can properly be vacated on grounds arising after the original appointment. We conclude that such grounds do not justify vacation of the original order of appointment. As we understand the authorities, an order appointing a receiver or trustee can properly be vacated only on the ground that the appointment was improper when made, either because of some defect in the proceedings leading to the appointment or because of some additional fact in existence at the time of the appointment, but not previously presented to the court. *Couch Mortgage Co. v. Roberts*, 544 S.W.2d 944, 947 (Tex.Civ.App.— Houston [1st Dist.] 1976, writ dism'd); *Whitaker Oil Co. v. Ward*, 396 S.W.2d 158, 162 (Tex.Civ.App.—Tyler), *motion to certify overruled*, 398 S.W.2d 155 (Tex.1965). If, as in this case, the appointment was entirely valid when made, it cannot properly be vacated on the ground that the receivership or trusteeship is no longer necessary. Of course, a receivership or trusteeship may properly be dissolved and terminated on such a later ground, but termination would not affect the validity of acts of the receiver or trustee before the date of termination. Vacation of the original appointment, on the other hand, would have the effect of nullifying all intervening acts of the receiver or trustee, or, at least, of raising serious questions concerning the validity of such intervening acts. *See Spence v. State Na-*

*tional Bank*, 5 S.W.2d 754, 755 (Tex.Comm'n App.1928, judgmt. adopted); *Johnson v. Barnwell Production Co.*, 391 S.W.2d 776 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.).

Moreover, if, as in this case, subsequent orders have been issued based on the original appointment, vacation of that appointment would amount to an attack on such subsequent orders, so that the original appointment could not be properly vacated without vacating the subsequent orders as well. Here, however, no attack has been made on the order of June 4, 1974, confirming the sale by the trustee and directing disposition of the proceeds, or on the order of January 13, 1978, accepting the resignation of the trustee and appointing the substitute trustee. Therefore, we hold that appellants have shown no ground to vacate the original order of June 24, 1973, appointing the receiver.

In this proceeding, appellants disclaim any attack on the subsequent orders of June 4, 1974, and January 13, 1978, and also disclaim any attack on the acts of the trustee or substitute trustee up to this time. They say that their motion, notwithstanding its prayer that the original order of appointment be vacated, is, in effect, a motion to vacate the receivership as of the present time, leaving all intervening orders and intervening acts of the trustees in effect. Appellants would construe article 2250 as authorizing an interlocutory appeal from an order overruling a motion to terminate a receivership or trusteeship being administered under the orders of the court.

■ We do not construe article 2250 so broadly. That article limits interlocutory appeals to orders appointing a receiver or trustee and orders overruling a motion to vacate an order appointing a receiver or trustee. As we have already pointed out, vacation of an order appointing a receiver or trustee, if properly based on grounds establishing that the original appointment was improper, might have the effect of nullifying the receivership ab initio. In our opinion, article 2250 does not extend our

jurisdiction to review of an order refusing to terminate a receivership on grounds arising after the appointment. Consequently, if this appeal must be considered as one from an interlocutory order overruling a motion to vacate an order appointing a receiver or trustee, it fails because of failure to show grounds on which the original appointment can properly be vacated.

### Finality of Order Denying Termination

The question remains, however, whether the order overruling appellants' motion is reviewable as a final order, apart from the provisions of article 2250. As we have pointed out, the ground stated in the motion, that the receivership is no longer necessary, is a ground appropriate to a termination or dissolution rather than to vacation of the original appointment. Appellants did not seek in the trial court, nor do they seek in this court, to set aside the subsequent orders of the trial court or to nullify any of the acts of the trustee. Therefore, we may properly consider the motion as one seeking to terminate the receivership or trusteeship without setting aside the court's previous order. *Little Motor Kar Co. v. Blankenship*, 228 S.W. 318, 321 (Tex.Civ. App.—Dallas 1921, no writ). We so consider it, and consequently, must determine whether the court's denial of that relief is a final order reviewable by the ordinary process of appeal.

We conclude that an order refusing to terminate a receivership or trusteeship in a proceeding brought for that purpose, is appealable as a final order. Such an order was held to have appealable finality in *Looney v. Doss*, 189 S.W.2d 207, 211 (Tex.Civ.App.—Fort Worth 1945, no writ). That case was cited with approval by this court in *Bergeron v. Session*, 554 S.W.2d 771, 774 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.), in which we pointed out that a receivership, as an ongoing proceeding, is an apparent exception to the "one final judgment" rule embodied in rule 301 of the Texas Rules of Civil Procedure, and we applied by analogy the probate test of appealable finality, namely, whether the or-

der in question "disposes of the main controverted issue concerning which that part of the proceeding was brought." *Id.* at 775. Applying that test here, we hold that the order now in question disposes of the main controverted issue concerning which that part of the proceeding was brought, namely, termination of the receivership or trusteeship on the ground that no further necessity exists for its continuation.

Moreover, this proceeding concerns no ordinary receivership, which continues until further order of the court, but a trust estate under management of a trustee appointed by the court on agreement of the parties. According to the terms of the trust agreement, the trustee's management will continue until the last surviving life tenant has died and the corpus has been distributed to the remaindermen. A proceeding to terminate the trustee's authority so as to allow the property to vest in accordance with the will is more than a preliminary motion, and an order denying such relief is more than an interlocutory order. We regard it as final with respect to all grounds for termination existing at that time. Consequently, we shall proceed to review it as any other final judgment.

The appellees have suggested that we should not consider the motion in question as one to terminate the trusteeship because appellants had filed in the trial court an earlier motion to modify the judgment of June 25, 1973, which the court overruled, and that appellants should not now be permitted to obtain review of the court's denial of the present motion, based on the same grounds, seeking "vacation" rather than modification of the previous order. We cannot consider this question, however, because we have before us no order signed by the judge disposing of the earlier motion. Indeed, the alleged "motion to modify" is before us only to the extent that the clerk has included in the transcript an unsigned copy, with an explanation that the original has been removed from the file. The transcript does not reveal the date that motion was filed. Under these circumstances, we have no basis to hold that appel-

lants are barred by any previous proceedings from seeking review of the present order.

### Termination of Trusteeship

 Upon such review we conclude that the trial court abused its discretion in refusing to terminate the trusteeship, insofar as the land is concerned. The only reasons alleged originally for appointment of the trustee were that the land produced little income in relation to its market value and that the life tenant required additional income to pay ad valorem taxes and supply her own needs. The present motion and the evidence supporting it show that these reasons no longer exist. No contrary testimony was offered, although there was testimony to the effect that the land could currently be sold for an advantageous price. The trustee retains in his hands approximately $100,000 left after the purchaser's default on the previous sale and return of the property to the management of the trustee. All adult parties in interest have joined in the request to terminate, including the primary life tenant, the two living secondary life tenants, and all adult remaindermen. The only potential remaindermen who have not agreed are those that have no legal capacity to make such an agreement, namely, the two minors and the potential unborn remaindermen. The interest of the two minors is relatively remote, since they would take under the will only if their parents, now living, should die before termination of the life estates. Likewise, potential remaindermen yet unborn would take only if their parents should die before the life tenants. Termination of the trust would not deprive these contingent remaindermen of their potential interests, but would permit such interests to vest exactly as provided in the will.

Appellants took the position in the trial court, and also here, that the interests of these contingent remaindermen and potential contingent remaindermen are protected by the doctrine of virtual representation, in that all of the testator's grandchildren and their descendants, including the parents of these minors and of any unborn contingent remaindermen, have exactly the same interests in preserving the corpus of the estate until distribution on termination of the last surviving life tenant. We agree. Under these circumstances the court should not continue the trusteeship over the objection of all parties in interest who have capacity to speak for themselves in order to protect the interests of contingent remaindermen whose interests are no different from the interests of other parties in this case. *Bradley v. Henry*, 239 S.W.2d 404, 406 (Tex. Civ.App.—Fort Worth 1951 no writ) (unborn contingent remaindermen are adequately represented by living remaindermen of same class, and also by persons whose estates precede or follow theirs if they have the same interest); *see Looney v. First Nat'l Bank*, 322 S.W.2d 53, 55 (Tex. Civ.App.—San Antonio 1959, writ ref'd n. r. e.) (after-born remaindermen bound by judgment under doctrine of virtual representation).

The trustee and the guardians ad litem contend that the judge had discretion to refuse to terminate the trusteeship if, in his judgment, the best interests of the contingent remaindermen would be better served by a present sale of the property and investment of the proceeds rather than by permitting the land to remain unsold and relatively unproductive until termination of the life estates. They point out that the value of this land, like other land in Collin County, has fluctuated widely in recent years, and they insist that the judge was not required to speculate on future market conditions.

This argument would be persuasive if a trust had been provided by the will. In this case, however, the testator provided no trust. He left the property to his daughter Agnes for her life, and on her death to his other children for their lives, and on the death of his last surviving child, to his grandchildren and their descendants. To the extent that the court appointed a trustee for the sale of the property and investment of the proceeds, the court employed its equity powers to change the testamentary scheme. Since the undisputed evidence

now shows that those reasons no longer exist, we see no further justification for interference with the testamentary scheme, insofar as the land is concerned.

A different problem, however, is presented by the funds in the hands of the trustee. The will makes no provision for such funds as these, and we cannot presume that the testator intended that the life tenant should have power to manage them. Since the funds came into the trustee's hands as a result of the previous sale, which was properly authorized by the court, although title to the land was later restored because of the purchaser's default, and they are held by the trustee under the terms of the trust agreement, there is good reason for the trustee to continue to administer these funds in accordance with that agreement. Invested funds, unlike land subject to a life estate, are subject to dissipation if not properly managed. Therefore, the trial court properly refused to terminate the trust with respect to these funds.

 We hold that the trustee can properly be directed to pay from the funds in his hands all expenses of the trusteeship to this date, including the fees of the guardians ad litem. The attorneys who have acted in this capacity, as well as the attorney appointed to represent the trustee, have rendered able assistance and have enabled both the trial court and this court to give the case the full consideration that it deserves. Their fees, likewise, are properly payable out of the funds on hand.

Accordingly, insofar as the order appealed from concerns the land in question, the order is reversed and the cause is remanded to the trial court with instructions to direct the trustee to deliver the land to the life tenant, Agnes Christie, free of any further orders of the court so that it may vest and pass as provided in the will of D. P. Christie. In all other respects the order is affirmed. Costs are adjudged against the trustee, to be paid out of the funds in his hands.