**Walton HOLMAN, Feme Sole, Appellant,**

v.

**STEPHEN F. AUSTIN HOTEL,
Appellee.**

**No. 13262.**

Court of Civil Appeals of Texas,
Austin.

May 14, 1980.

Rehearing Denied June 11, 1980.

Walton Holman, Feme Sole, pro se.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

PER CURIAM.

Appellant, Walton Holman, filed suit in the district court of Travis County against appellee, the Stephen F. Austin Hotel. Appellant by her suit claimed damages in the sum of $1,150,000.00 In connection with her suit for damages, appellant applied for the appointment of a receiver for appellee hotel. The district court entered an order refusing to appoint the receiver. The refusal of the district court to appoint the receiver is the foundation of appellee's appeal.

Appellee has filed a motion with this Court urging that the appeal be dismissed for the reason, among others, that an order refusing to appoint a receiver is a nonappealable interlocutory order.

An appeal lies from the order of the trial court appointing a receiver or trustee in any cause. Tex. Rev. Civ. Stat. Ann. art. 2250 (Supp. 1980). No appeal lies from an order of the court *denying* the appointment of a receiver, such order being entirely interlocutory and not embraced within the provisions of Art. 2250. *Pioneer American Insurance Co. v. Knox*, 199 S.W.2d 711 (Tex. Civ.App. 1947, writ ref'd); *Kitchen v. Printz*, 120 S.W.2d 881 (Tex.Civ.App. 1938, no writ); *Appellate Procedure in Texas* § 3.8[2] (2d Ed. 1979).

The appeal is dismissed.

Dismissed for Want of Jurisdiction.