Demetrios P. **BALIAS**, Appellant,

v.

**BALIAS, INC.**, Appellee.

No. B14–86–836–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1988.

Rehearing Denied March 24, 1988.

---

Lisa A. Powell, Dempsey J. Prappas, Houston, for appellant.

Joseph O. Slovacek, Merrick C. Walton, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION ON MOTIONS FOR REHEARING

ELLIS, Justice.

We grant both parties' motions for rehearing, withdraw our opinion of July 23, 1987, and substitute the following.

Appellant, Demetrios P. Balias, filed suit pursuant to Tex.Bus.Corp.Act Ann. arts. 12.52 & 7.05 (Vernon 1980 & Supp.1988). He petitioned the trial court to appoint a

receiver to rehabilitate the appellee corporation, Balias, Inc., a Texas statutory close corporation. The trial court entered judgment denying the request. We affirm.

█ We first address the question of our jurisdiction to hear this appeal. As a general rule, an appellate court lacks jurisdiction to consider an appeal from an order refusing to appoint a receiver. *See, e.g., Holman v. Stephen F. Austin Hotel,* 599 S.W.2d 679 (Tex.Civ.App.—Austin 1980, writ dism'd) (dismissing for want of jurisdiction an appeal from denial of appointment of a receiver in an action for damages). The rationale supporting the prohibition is that trial courts ordinarily make such orders during the pendency of the main case, when other matters, germane to the central controversy, remain unresolved. In short, orders denying appointment of a receiver are usually considered interlocutory. *See generally, City of Arlington v. Texas Electric Service Co.,* 540 S.W.2d 580, 582 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.) (defining "interlocutory order").

█ Tex.Civ.Prac. & Rems.Code § 51.014(1)–(4) (Vernon Supp.1988) enumerates specific exceptions to the rule that interlocutory orders are non-appealable. With respect to receiverships, § 51.014 excepts only orders which either appoint a receiver or overrule a motion to vacate an order appointing a receiver. *Id.* § 51.014(1) & (2). Section 51.014 governs only interlocutory orders, however. Section 51.012, on the other hand, confers this court with jurisdiction to hear appeals from final judgments of the district or county courts. Thus, this court has jurisdiction if the trial court's order qualifies as "final." We hold that it does. The test of finality is whether the judgment in the instant case leaves unresolved issues or matters which the trial court must examine or reexamine in determining the parties' rights. *See Hewitt v. Nielsen,* 553 S.W.2d 248, 249–50 (Tex. Civ.App.—Austin 1977, no writ). Those matters which were before the court when it rendered judgment necessarily determine that inquiry. *See Sakser v. Fitze,* 708

S.W.2d 40, 42 (Tex.App.—Dallas 1986, no writ).

In this case, appellant petitioned the court to appoint a rehabilitative receiver, and determine his bond, pursuant to Tex. Bus.Corp.Act Ann. arts. 12.52(A)(4) & 7.05 (Vernon 1980 & Supp.1988). Both parties concede this was the only issue before the trial court. There were neither cross-claims, nor counterclaims, nor third party claims. The trial court therefore disposed of the only issue in the controversy when it denied a rehabilitative receivership.

In *Christie v. Lowrey,* 589 S.W.2d 870 (Tex.Civ.App.—Dallas, 1979, no writ), in which the appellant had sought only to terminate an ongoing receivership, which relief the trial court denied, the Dallas Court of Appeals likewise concluded it had jurisdiction. 589 S.W.2d at 874. It first noted, as we did here, that the trial court's order did not fall within the exceptions enumerated in the predecessor to Tex.Civ. Prac. & Rems.Code § 51.014. *Christie,* 589 S.W.2d at 874. The court nonetheless concluded the trial judge had entered a final appealable judgment because its order, like the judgment in the instant case, resolved the only issue in the case. *Id.* We conclude the trial court's decision to deny appellant's application for a rehabilitative receiver is a final appealable order within the meaning of Tex.Civ.Prac. & Rems.Code § 51.012 because it resolves the sole issue appellant placed before the court. *See Christie,* 589 S.W.2d at 874; *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982); *Hargrove v. Insurance Investment Corp.,* 142 Tex. 111, 117, 176 S.W.2d 744, 747 (1944).

█ Appellant and his brother, Evangelos Balias, purchased a lot on Dairy Ashford Road in Houston in 1979. Both made payments to Fondren Southwest Bank on a $65,000 indebtedness secured by the property. In 1980 the brothers filed Articles of Incorporation with the Texas Secretary of State, declaring themselves a close corporation, Balias Bros., Inc. The brothers incorporated pursuant to former Tex.Corp.Code Ann. art. 2.30–1 *et seq.,* the prior statute

governing close corporations. We find that the corporation qualifies as a close corporation pursuant to Article 12.14(A)(1) of the new Texas Close Corporation Law, now codified at Chapter 12 of the Business Corporation Act, Article 12.01 *et seq.*, because it had not terminated close corporation status prior to August 31, 1981, the effective date of the new Act. *See* Tex.Corp.Code Ann. art. 12.14(A)(1).

Appellant testified that he and his brother had a "fifty-fifty" arrangement for ownership, management and profit-sharing. However the brothers failed to execute a formal shareholder agreement evidencing that or any other understanding. In 1983 the brothers conveyed the Dairy Ashford property to the corporation. The corporation then executed a $250,000 promissory note, construction mortgage and deed of trust in favor of Texas American Bank/Fondren in order to build an auto repair garage and body shop on the property. Both parties also signed personal guaranty instruments to ensure the corporate indebtedness.

In support of his application for a receiver, appellant accused his brother of numerous "illegal, oppressive and fraudulent acts." These included: ousting appellant from management; removing funds from and changing the corporate bank accounts; filing 1985 federal income tax returns reflecting Evangelos Balias as 100% owner of the corporation; and unilaterally amending the Articles of Incorporation by changing its name to Balias, Inc. and listing Evangelos Balias as sole shareholder. In urging the trial court to appoint a rehabilitative receiver, appellant repeatedly asserted he had no other remedy or method of asserting his rights. The trial court repeatedly responded that appellant had other remedies and had not established grounds for appointment of a receiver.

Appellant raises five points of error, which he has grouped for purposes of argument. In points of error two, three and four, appellant alleges the trial court erred in requiring an emergency as a prerequisite to relief, and in determining that appointment of a rehabilitative receivership was not a proper remedy pursuant to Tex.Bus. Corp.Act Ann. art. 7.05(A)(1)(c) & (e). We disagree.

The narrow issue before this court is whether the trial court abused its discretion in refusing to appoint a receiver. *See Aubin v. Territorial Mortgage Co. of America*, 640 S.W.2d 737, 742 (Tex.App.—Houston [14th Dist.] 1982, no writ), quoting *Strategic Minerals Corp. of America v. Dickson*, 320 S.W.2d 882 (Tex.Civ.App.—Austin, 1959, writ ref'd n.r.e.). Although *Aubin* was an appeal from an order appointing, rather than denying, a rehabilitative receiver, we hold the same abuse of discretion standard governs our review of the instant case.

■ A trial court abuses its discretion when its decision fails to comport with established rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W. 2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We find no abuse of discretion based on the record before us. We conclude the trial court properly construed Tex.Bus.Corp.Code arts. 12.52(A)(4) & 7.05(A) when it denied appellant's request for a receiver, for the following reasons.

Enforcement of a close corporation provision pursuant to Article 12.52(A) is one of three judicial proceedings specifically authorized by Tex.Bus.Corp.Act Ann. art. 12.-51(B). The "provision" appellant sought to enforce was an alleged "fifty-fifty" arrangement he had with his brother. Yet Article 12.02(A)(4) defines "close corporation provision" as a provision of either the corporation's articles of incorporation or its shareholders' agreement. It is undisputed that the parties never executed a shareholder agreement. Indeed, appellant argued that point in attempting to persuade the trial court of the need to appoint a receiver. Nor do the articles of incorporation define either the management or profit-and-loss sharing system of the corporation. Appellant would point to his testimony and his attorney's affidavit to assert that he and his brother had an enforceable "fifty-fifty" arrangement. While the Close Corporation Law clearly permits such part-

nership-type arrangements, *see* Article 12.-35(A), it does not presume such an arrangement when, as in the instant case, a petitioner fails to show compliance with the requirements of Article 12.33.

Since the articles of incorporation lack evidence of the "provisions" appellant sought to enforce, and since appellant's assertions of a shareholder agreement with his brother manifest patent lack of compliance with Article 12.33, we hold there was nothing for the trial court to enforce pursuant to Articles 12.35(B) and 12.52(A)(4). Therefore, the trial court did not abuse its discretion in refusing to appoint a rehabilitative receiver.

Moreover, Article 12.52(A)(4) requires that a trial court's appointment of a receiver conform to Article 7.05 of the Texas Business Corporation Act, which governs ordinary corporations. Thus, the same standards govern appointment of a rehabilitative receiver for both ordinary and closely-held corporations. Pursuant to Article 7.05(A), a petitioner seeking a rehabilitative receiver must convince the court that "all other remedies available either at law or in equity" are inadequate. *Id.* Indeed, the Close Corproation Law echoes the foregoing requirement that the petitioner exhaust other remedies prior to enlisting the court's aid. *See* Article 12.51(E) & 12.-52(B). The requirement of demonstrable inadequacy of alternative remedies is consistent with the general principle that appointment of receiver is a harsh remedy. *See Aubin,* 640 S.W.2d at 742; *see also, Humble Exploration Co., Inc. v. Fairway Land Co.,* 641 S.W.2d 934 (Tex.App.—Dallas, 1982, writ ref'd n.r.e.) (vacating order appointing receiver where petitioner failed to show inadequacy of all other legal or equitable remedies).

Based on the foregoing, we find the court properly required an emergency on which to base the relief appellant sought. Similarly, there was no abuse of discretion in the court's rejecting appellant's assertions that his brother's "oppressive acts" satisfied Tex.Bus.Corp.Act Ann. art. 7.05(A)(1)(c). As we have indicated, appellant sought relief pursuant to Article 7.05

by way of Article 12.52(A)(4), yet failed to show proof of an enforceable provision governing his and his brother's business arrangements. Additionally, appellant failed to demonstrate the prerequisite to relief: that he had exhausted other remedies. The same reasoning defeats appellant's assertion that he met the requirements of Article 7.05(A)(1)(e) by showing that the corporation had failed to hold at least two consecutive annual meetings and that he and his brother were hopelessly deadlocked. Furthermore, due to the lack of a shareholder agreement or a provision in the articles of incorporation, appellant never satisfactorily demonstrated that his and his brother's informal business arrangement either required an annual meeting or specified the type of vote required for corporate action. The Close Corporation Law permits considerable flexibility in close corporation management and does not require either annual meetings or *per capita* voting representation. *See* Articles 12.-31(A) & 12.32(A). Appellant's second, third, and fourth points of error are overruled.

▮▮▮▮ Appellant's first point of error alleges the trial court committed reversible error in overruling his motion for a new trial. We disagree. Such a motion is committed to the sound discretion of the trial court. *See, e.g., Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983) (motion for new trial based on newly discovered evidence). This court may not find the trial court erred in overruling a motion for a new trial unless appellant can establish a clear abuse of that discretion. *Id.* In urging the trial court to order a new trial, appellant presented the same arguments raised in points of error two, three, and four before this court. Having overruled those points of error, we find no merit in appellant's first point of error. The first point of error is overruled.

In his fifth point of error, appellant contends the trial court erred in holding that his petition was ancillary in nature rather than a direct action. Appellant misconstrues the advisory remarks the trial court made prior to denying relief. The court

actually stated: "Again, I advised you. Think ancillary." We conclude the trial court was attempting to advise appellant that another cause of action, which would seek appointment of a receiver as relief ancillary to the main proceeding, might be more successful. We find no "holding" that the instant case was ancillary in nature. Indeed, as we have indicated in our preliminary jurisdictional statement, appellant's petition alleged an independent cause of action seeking only appointment of a rehabilitative receiver. We overrule appellant's fifth point of error.

We affirm the judgment of the trial court which denied appellant's petition seeking appointment of a rehabilitative receiver pursuant to Tex.Bus.Corp.Act.Ann. art. 12.52(A)(4).

Debra Lerner, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before WHITHAM, THOMAS and KINKEADE[1], JJ.

THOMAS, Justice.