Affirmed and Memorandum Opinion filed August 11, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00886-CV

____________

 

JOSEPH MONK, Appellant

 

v.

 

WESTGATE HOMEOWNERS= ASSOCIATION, INC., Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2006-24909

 



 

M E M O R A N D U M   O P I N I O N

This appeal arises out of a summary
judgment entered in favor of appellee, Westgate Homeowners= Association, Inc.
(AWestgate@).  Appellant,
Joseph Monk, argues the trial court erred in granting Westgate=s motion for
summary judgment and overruling Monk=s motion for new
trial.  We affirm.  

 








Background

On April 20, 2006, Westgate brought suit
against Monk and his ex-wife, Lisa Pomberg, to foreclose on the lien securing
unpaid annual maintenance assessments Monk and Pomberg allegedly owed on real
property in the Westgate subdivision.  Westgate moved for summary judgment on
May 25, 2007 and a hearing was held on June 15, 2007.  Monk did not respond to
the motion and the trial court granted summary judgment for Westgate, awarding
$3,351.78 in damages, $3,510.00 in attorney=s fees and court
costs, and post-judgment interest. 

Monk timely filed a verified motion for
new trial asserting summary judgment was improper because he did not receive
Westgate=s motion or notice
of the hearing until after the hearing.[1] 
Westgate did not file a response to Monk=s motion for new
trial.  The motion was overruled by operation of law.  See Tex. R. Civ.
P. 329b(c).  Monk now asserts the trial court erred when it failed to grant his
motion for new trial because he did not receive notice of the motion for
summary judgment or hearing, and further contends that the judgment is void
because Monk=s debts were allegedly discharged in bankruptcy. 
Westgate did not file a response brief.[2] 


Analysis 

Motion for Summary Judgment 








First, Monk contends the trial court
improperly granted summary judgment in favor of Westgate.  The standard for
reviewing a traditional motion for summary judgment is whether the successful
movant at the trial level carried its burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex.1999).  A plaintiff
who moves for summary judgment must
prove it is entitled to judgment as a matter of law on
each element of the cause of action.  Fry v. Comm'n for Lawyer Discipline,
979 S.W.2d 331, 334 (Tex. App.CHouston [14th Dist.] 1998, pet. denied). 
If the movant=s motion and summary-judgment evidence facially establish the movant=s right to
judgment as a matter of law, the burden shifts
to the nonmovant to raise a genuine issue of material fact sufficient to defeat
summary judgment.  M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000); Castillo v. Westwood Furniture, Inc.,
25 S.W.3d 858, 860 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
Under this traditional standard, we must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant=s favor. See
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997).       A
trial court may only consider pleadings and evidence on file at the time of the
summary judgment hearing.  See Tex. R. Civ. P. 166a(c); Leinen v.
Buffington=s Bayou City Servs.Co., 824 S.W.2d 682,
685 (Tex. App.CHouston [14th Dist.] 1992, no writ).  In this case,
the court had only Westgate=s original petition and motion for summary
judgment, Monk=s original answer, and Pomberg=s original answer
and response to the motion for summary judgment to consider when it granted the
motion. 








Westgate=s summary-judgment
evidence demonstrated that Monk and Pomberg owned property in the Westgate
subdivision.  The evidence further established that the property was subject to
an annual maintenance assessment for common expenses of the subdivision secured
by a continuing assessment lien on the property.  Westgate also demonstrated
that attorney=s fees, interest, and costs associated with the
collection of assessments were secured by the lien on the property.  Finally,
Westgate attached the affidavit of Trinh Baserabescu, the property supervisor
for Vanmor Properties, Inc., the managing agent for Westgate.  The affidavit
provided that $3,351.78 in delinquent annual maintenance assessments plus
interest was owed on the property owned by Monk and Pomberg.

Once Westgate established that it was
entitled to summary judgment against Monk and Pomberg, it became their burden,
as nonmovants, to raise a genuine issue of material fact sufficient to defeat
summary judgment.  See M.D. Anderson Hosp. & Tumor Inst., 28 S.W.3d
at 23.  In response to Westgate=s motion for summary judgment, Pomberg
argued that the delinquent assessments accrued following her divorce from
Monk.  She attached their final divorce decree to show that Monk received
Pomberg=s interest in the
property when they divorced in 2002.  The court held that Pomberg raised a
genuine issue of material fact regarding her ownership of the property and
denied summary judgment as to her.[3] 
However, the court granted summary judgment against Monk because he failed to
respond to the motion and did not raise a fact issue to prevent summary
judgment. 








On appeal, Monk contends that he did not
receive service of Westgate=s motion for summary judgment or timely
notice of the hearing.[4] 
In his brief, he claims Westgate=s motion for
summary judgment did not include a certificate of service.  However, the record
includes a certificate of service following Westgate=s motion for
summary judgment and notice of hearing.  Therefore, at the time the trial court
granted the motion for summary judgment, nothing in the pleadings or evidence
suggested that Monk had not received service of the motion or timely notice of
the hearing.  Given the state of the record before it, the trial court did not
err in rendering summary judgment for Westgate.  Appellant=s first issue is
overruled.  

Motion for New Trial








Monk also contends the trial court erred
in allowing his motion for new trial to be overruled by operation of law.  The
decision whether to grant or deny a motion for new trial is within the trial
court=s discretion.  Balias
v. Balias, Inc., 748 S.W.2d 253, 257 (Tex. App.CHouston [14th
Dist.] 1988, writ denied).  When a trial court has denied a motion for new
trial, its ruling may be overturned only upon a showing of a clear abuse of
discretion.  See Cliff v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987); Vickery
v. Tex. Carpet Co., 792 S.W.2d 759, 761 (Tex. App.CHouston [14th
Dist.] 1990, writ denied).  The test for abuse of that discretion is whether
the trial court acted arbitrarily or without reference to guiding legal
principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004). 
This standard also applies when, as here, the motion for new trial is overruled
by operation of law.  See
Awoniyi v. McWilliams, 261 S.W.3d 162, 165 (Tex. App.CHouston [14th Dist.]
2008, no pet.) (citing Bank One v. Moody, 830 S.W.2d 81, 81, 85
(Tex.1992)).         In any proceeding that is to be accorded finality, due
process requires that interested parties receive notice reasonably calculated,
under the circumstances, to apprise them of the pendency of the action and
afford them the opportunity to present their objections.  Dispensa v. Univ.
State Bank, 987 S.W.2d 923, 926 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (quoting Mullane v. Central Hanover Bank & Trust
Co., 339 U.S. 306, 314B15 (1950)).  Failure to give adequate
notice violates the demands of due process.  See Jimenez v. Transwestern
Prop. Co., 999 S.W.2d 125, 128 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Except on leave of court, a motion for summary judgment
must be filed and served 21 days before the time specified for the hearing, and
24 days if it is served by mail or facsimile.  See Tex. R. Civ. P. 21a, 166a(c); Lewis v. Blake,
876 S.W.2d 314, 316 (Tex. 1994).  

Improper service of a motion for summary
judgment is a procedural defect that may be corrected by the trial court in
response to a timely motion for new trial or by an appellate court if the trial
court overrules the motion.  French v. Brown, 424 S.W.2d 893, 894 (Tex.
1967).  In order for Monk to notify the trial court that he did not respond or
appear at the summary judgment hearing because he did not receive timely notice
of it, he was required to file a motion for new trial.  See Lee v. Braeburn
Valley West Civic Ass=n, 786 S.W.2d 262,
263 (Tex. 1990).  However, when the complaint is raised in a motion for new
trial, the movant must request a hearing, present evidence, and obtain a
ruling.  See Rios v. Tex. Bank, 948 S.W.2d 30, 33 n.4 (Tex. App.CHouston [14th
Dist.] 1997, no pet.).  There is no abuse of discretion when the movant fails
to call his motion to the attention of the trial court through the request of a
hearing, and instead allows it to be overruled by operation of law.  McGuire
v. Comm=n for Lawyer Discipline, No.
14-01-00920-CV, 2003 WL 359289, at *1 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (mem. op., not designated for publication) (quoting
Shamrock Roofing Supply, Inc. v. Mercantile Nat=l Bank, 703 S.W.2d 356,
357B58 (Tex. App.CDallas 1985, no
writ)).

Nothing in the record indicates that Monk
attempted to obtain a hearing on his motion.  Because he failed to request a
hearing on the motion for new trial, we conclude that the trial court did not
abuse its discretion when it allowed the motion to be overruled by operation of
law.  See id.  Appellant=s second issue is overruled. 

Discharge in Bankruptcy 








In the final issue presented on appeal,
Monk claims the trial court=s judgment is void because the debt he
owed to Westgate was discharged in bankruptcy.  However, discharge in
bankruptcy is an affirmative defense that must be pleaded.  See Tex. R.
Civ. P. 94; Sparks v. Booth, 232 S.W.3d 853, 871 (Tex. App.CDallas 2007, no
pet.).  An affirmative defense that
is not pleaded or proved, and on which findings are not
obtained, is waived and cannot be preserved by raising
the affirmative defense for the
first time in a motion for new trial.  Hamm v. Millennium Income Fund,
L.L.C., 178 S.W.3d 256, 268 (Tex. App.CHouston [1st
Dist.] 2005, pet. denied).

Here, discharge in bankruptcy was not
raised or even hinted-at by the pleadings.  Instead, the affirmative defense
was not presented to the trial court until Monk=s motion for new
trial, which did not preserve the issue for our review.  See id.  Thus,
we overrule Monk=s final issue.

Conclusion

Finding no error in the appellate record,
we affirm. 

 

 

 

/s/      Frank C. Price

Senior Justice

 

 

Panel consists of Justices Yates and Guzman, and
Senior Justice Price.*









[1]  AA motion for new trial, if filed, shall be filed prior to or within
thirty days after the judgment or other order complained of is signed.@ Tex. R. Civ. P. 329b(a).  Here,
the trial judge signed the interlocutory summary judgment on June 25, 2007. 
Monk filed his motion for new trial within 30 days of the summary judgment on
July 2, 2007.  





[2]  Westgate=s
brief was due to be filed on April 14, 2008.  No brief was filed, and we sent a
late-brief notice on April 22, 2008.  However, Westgate still did not file a
brief. 





[3]  On July 19, 2007, the trial court granted Westgate=s motion for partial nonsuit with regard to Pomberg.





[4]  Monk also argues that the court erred in granting
summary judgment because (1) the trial court=s
finding that there was a genuine issue of material fact with regard to Pomberg=s ownership of the property precluded summary judgment
against Monk, and (2) the amount of delinquent annual maintenance charges
established by the summary judgment evidence differed from the amount in the
proof of claim Westgate filed in bankruptcy court.  Because these arguments
were not raised in the trial court in opposition to the summary judgment
motion, we do not consider them on appeal.  See Madeksho v. Abraham, Watkins,
Nichols & Friend,
57 S.W.3d 448, 453 (Tex. App.CHouston [14th Dist.] 2001, pet. denied) (citing City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 676 (Tex. 1979)). 





*  Senior Justice Frank C. Price sitting by assignment.