**Opinion issued July 8, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00674-CV

————————————

**ROBERT S. BENNETT, Appellant**

**V.**

**BROOCKS BAKER & LANGE, LLP, Appellee**

---

On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2000-20780

---

## MEMORANDUM OPINION

This appeal involves the latest chapter in a law firm's attempts to collect on a judgment it obtained against its former partner. Robert Bennett appeals the trial court's order appointing a receiver in the matter, contending that the order

improperly subjects his wholly-owned personal limited liability company to turnover. Finding no error, we affirm.

## Background

In August 1995, the law firm of Baker Broocks & Lange, LLP (BBL) and Bennett, a member of the partnership, agreed to dissolve their partnership. The agreement included a clause that required that any dispute arising out of the agreement would be resolved in arbitration. When a dispute arose about the amount each former partner was due upon dissolution, the parties arbitrated their dispute. The arbitration resulted in an award of $45,724.72 against Bennett and in favor of BBL, which was later confirmed by a trial court. BBL successfully pursued a writ of garnishment and received $15,876.00 in August 2004. Later efforts were unsuccessful in recovering the remainder owed.

BBL then sought the appointment of a receiver and requested an inventory of Bennett's assets. The trial court appointed a receiver and conferred "the full and exclusive authority to administer and manage the business affairs, funds, assets, choses in action and any other property [of] Bennett; marshal and safeguard of Bennett's assets; and take whatever actions necessary for the protection of creditors." It directs the receiver to:

1. Take immediate possession of all property, assets and estates of every kind of Bennett, whatsoever and wheresoever located, belonging to or in their possession, including, but not limited to, all offices maintained by Bennett, rights of action, books, papers, data processing records,

evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of the Court.

2. Investigate Bennett's affairs and institute legal actions for its benefit and the benefit of creditors, as the creditor deems necessary against those individuals, corporations, partnerships, associations . . . that the Receiver may claim have wrongfully . . . misappropriated or transferred mines or other proceeds traceable from Bennett . . .

3. Present a report to the court reflecting the existence and value of Bennett's assets and extent of liabilities.

4. Appoint an accountant to ascertain reasonable expenses for the receivership.

Bennett moved for reconsideration, but the trial court let its initial order stand.

## Discussion

### *Standard of review*

Under section 64.001 of the Texas Civil Practice and Remedies Code, a court may appoint a receiver in an action between partners or "in any other case in which a receiver may be appointed under the rules of equity." TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(3), (6) (West 2008). We review a trial court's interlocutory order appointing a receiver for an abuse of discretion. *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 858 (Tex. App.—Houston [1st Dist.] 1999, no pet); *Abella v. Knight Oil Tools*, 945 S.W.2d 847, 849 (Tex. App.—

3

Houston [1st Dist.] 1997, no writ)). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Pickens v. Pickens*, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001, pet. denied). Under the abuse-of-discretion standard, the sufficiency of the evidence is a relevant factor in assessing whether the trial court abused its discretion. *Pickens*, 62 S.W.3d at 214. The trial court does not abuse its discretion when its decision is based on conflicting evidence and some evidence in the record reasonably supports it. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

"The appointment of a receiver . . . is a harsh, drastic, and extraordinary remedy, to be used cautiously." *Benefield*, 266 S.W.3d at 31 (citing *Hunt v. Merch. Mart, Inc.*, 391 S.W.2d 141, 145 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.); *Balias v. Balias, Inc.*, 748 S.W.2d 253, 257 (Tex. App.—Houston [14th Dist.] 1988, writ denied)). A trial court should not appoint a receiver if another remedy exists, either legal or equitable. *Id.* (citing *Rowe v. Rowe*, 887 S.W.2d 191, 200 (Tex. App.—Fort Worth 1994, writ denied)). Our review focuses on whether the pleadings and evidence are sufficient to justify a receivership. *Id.* (citing *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 325 (Tex. Civ. App.—Houston [14th Dist.] 1979, no pet.)).

### *Appointment of receiver*

Bennett first contends that the trial court erred in appointing a receiver over his wholly-owned PLLC because the PLLC is not the judgment debtor. This contention does not accurately characterize the trial court's order. The receivership appointment order gives the receiver authority over Bennett's individual property, including "business entities . . . which have possession, custody, or control of any assets or funds in the name of or for the benefit of Bennett" or are operated by Bennett on his own behalf. The Business Organizations Code explains that a membership interest in a limited liability company is personal property. TEX. BUS. ORGS. CODE ANN. § 101.106(a) (West 2012) (entitled "Nature of Membership Interest"). Bennett does not contend that the trial court lacked authority to make Bennett's personal property subject to a receivership order.

### *Statutory authority for order*

Bennett complains that the trial court's order violates section 31.002 of the Civil Practice & Remedies Code because it authorizes the turnover of exempt property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(f). This complaint rests on a misunderstanding of the order's effect. The trial court expressly relied on Chapter 64 of the Civil Practice and Remedies Code—the receivership statute— in appointing the receiver to "administer and manage the business affairs, funds, assets, choses in action and other property" belonging to Bennett; "marshal and

5

safeguard all of the assets of Bennett; and take whatever actions necessary for the protection of creditors." The trial court did not invoke section 31.002 in its order. Bennett does not identify any provision in the order that either requires the receiver to turn over any exempt property to Bennett's judgment creditors or determines whether any specific property is subject to an exemption, and we find none.

For the same reason, Bennett's complaint that the order made PLLC's assets subject to seizure or attachment is without merit. While the receivership appointment order places the PLLC under the receiver's management, it is because Bennett is the PLLC's sole owner and, as a result, any value in his PLLC membership interest is an asset belonging to Bennett, individually. The order does not accord to the receiver any authority over the PLLC that Bennett himself did not have.

Nor does the order authorize BBL directly to attach or seize any of Bennett's property. Bennett's complaint about the seizure or attachment of that personal property is premature, as is his complaint concerning the calculation of receivership fees and expenses. The receiver has not yet proposed the distribution or disposition of any of Bennett's property, nor has the trial court ordered the receiver to distribute or dispose of any of that property.

Bennett does not challenge the trial court's authority to appoint the receiver under section 64.001 of the Civil Practice and Remedies Code, the only statutory

6

basis identified in the order, and his challenges to the scope of authorization under section 31.002 are without merit. We hold that the trial court acted within its discretion in appointing the receiver over Bennett's property.

## Conclusion

We affirm the trial court's order.


                    Jane Bland
                    Justice

Panel consists of Justices Jennings, Bland, and Massengale.