## GILLES et al. v. YARBROUGH.
### No. 15078.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 4, 1949.

Rehearing Denied Dec. 9, 1949.

Donald & Donald, both of Bowie, George M. Hopkins, Fred H. Minor, and John L. Sullivan, all of Denton, for appellants.

T. H. Yarbrough, and Boyd Barjenbruch, both of Bowie, for appellee.

SPEER, Justice.

This is an appeal by approximately 150 of perhaps 200 or more joint owners of the mineral rights in 572½ acres of land in Montague County from an adverse judgment rendered in a non-jury trial refusing to sustain a motion to terminate a receivership and discharge the receiver theretofore set up by the court in a trespass to try title case involving the mineral rights in the land.

On December 31, 1945, a judgment was entered in this case as originally filed, in which it was determined that approximately 200 named persons owned the mineral rights in the land. Their respective interests were found and meticulously set out in the judgment. The respective interests ranged from one-half interest jointly in five named persons, the greatest, to a 1/3888th, the smallest interest. The judgment further recited: "That said mineral estate is owned by so many different parties and their places of residence are so widely separated, that it would be impossible to obtain an oil and gas lease from all such parties and the mineral estate in controversy is potentially oil and gas land and it would be to the best interest of the plaintiffs and defendants joint owners thereof for a receiver to be appointed to execute an oil and gas lease on said land and such other mineral leases as may be necessary to obtain the development and operation of said mineral estate; * *"
By further provisions of the judgment T.

H. Yarbrough was appointed as receiver "to take charge of said mineral estate, lease the same for development of said minerals as may be contained therein and to execute a separate lease for the various types of minerals that may be in and under said land to the end that the oil and gas may be explored by oil and gas operators and the other minerals may be explored by persons engaged in the production of said minerals * * *." The receiver was required to give the bond named by the court and to report all such leases to the court, etc., in the manner provided by law.

Thereafter the receiver qualified and negotiated an oil and gas lease, reported it to the court, it was approved, executed and the lessee soon drilled five producing wells. The receiver collected rentals and royalties from time to time and paid therefrom the court costs and retained certain amounts as his estimated compensation and disbursed the excess to the owners in proportion to the interest of each theretofore established by the court. The record does not contain any other orders of the court entered prior to the filing of this motion to terminate the receivership, which was filed on June 9, 1949. No complaint is raised here about the amounts previously paid for the services of the receiver, nor the manner in which he has disbursed the revenue.

As above indicated, on June 9, 1949, appellants filed this motion requesting the court to terminate the receivership, to require a final accounting and to discharge the receiver. Grounds for such motion are in substance that the original appointment was made under the provisions of Article 2320b, Vernon's Ann.Civ.St. It was alleged that under the article cited the receiver's functions had been fully performed; that he had at no time placed the bonus and royalty money received by him into the treasury of the court and that there was no further necessity for a receivership and the expenses incident to it.

The receiver answered and testified in part and to the effect that at the time of this hearing there were pending two suits among certain of the owners and that royalty payments were being held up await-ing the results; and further that the present lessee had advised him that since certain of the owners had interests so small that in some instances their royalty payments amounted to from fifteen to twenty cents a month, it would not make such payments to those individuals unless the courts should so decree it; that lessee was relying upon its lease contract to pay royalties to its lessor, the receiver and his successors.

The court heard evidence, overruled the motion and continued the receivership until further orders of the court. Upon request, the court filed findings and conclusions. As far as pertinent to this appeal, the court found that at the date of the judgment (first mentioned by us) T. H. Yarbrough was appointed receiver and ordered to take charge of the mineral estate in the land, and, subject to his qualifying thereunder, to lease the land for development of the minerals and to execute separate lease for each type of mineral therein. That the receiver had leased the land for oil and gas, resulting in several producing wells, that there is a strong probability that other minerals may be discovered under the land, "and particularly asphalt deposits." That the receiver has made some effort to lease to persons "interested in developing asphalt deposits" and there is a probability of his doing so; and that the purposes for which the receiver was appointed "have been only partially fulfilled," and that it is necessary to continue the receivership in order to complete said purpose. The court added: "I therefore conclude as a matter of law that the receivership should be continued in full force and effect for the reason that the purposes for which the receiver was appointed have not been completed."

Appellants rely upon two points of assigned error for reversal. These two points present the same asserted error, although stated in different language; their effect is that the court erred in refusing to terminate the receivership established under the provisions of Article 2320b, Vernon's Ann.Civ.St., and in not requiring the receiver to file a final account.

Appellants' brief is of course based upon the theory presented by the assignments.

We have concluded that the receivership was not based upon the provisions of Article 2320b, Vernon's Ann.Civ.St., passed in 1945, but was grounded upon the equitable provisions of Article 2293, sec.4.

When we observe the original judgment in which the receiver was appointed, we find that he was ordered to take charge of the mineral estate, which of course included the interest of all owners in any kind of mineral thereunder, and was ordered to execute a separate lease for each type of mineral. This order would perhaps include a lease for oil and gas in one instrument since the court approved such a lease; and there was evidence that there were probable deposits of asphalt which would require a separate lease and that the receiver had some prospects of making such separate lease.

It will be noted that if the receivership had been founded on the cumulative provisions of Article 2320b as contended by appellants, the receiver could only have taken charge of and executed a lease on such interest in the whole estate as was owned by unknown persons or those who were non-residents of the state and who failed to pay taxes, etc. Furthermore, if appointed under said Article 2320b, the receiver could only have been granted powers provided for in that Act and would be subject to dismissal after such duties were completed.

It is quite apparent, both by the language of the judgment appointing the receiver and the act and conduct of all parties over a period of three and one-half years, that the appointment and duties to be performed were not limited by provisions found in Article 2320b, Vernon's Ann.Civ.St. Moreover, the trial court on hearing the motion construed the original judgment against the contention of appellants. This is clearly indicated by the findings of fact, all of which found support in the testimony adduced.

█ It is not contended by appellants that the judgment appointing the receiver to take charge of the *entire* mineral estate

is void or even voidable; neither the validity of the appointment nor the receiver's acts thereunder are challenged here. The trial court could not have legally appointed the receiver to take charge of the *entire* mineral estate under the provisions of Article 2320b. We do not have the pleadings before us under which the judgment was rendered but we must assume that the pleadings supported the judgment that was entered.

██ It is the generally accepted rule that a receiver is at all times subject to the orders of the court appointing him. 36 Tex.Jur., p. 90, sec. 42. The duration of a receivership and its termination is within the sound judicial discretion of the court in which the suit is pending. 36 Tex.Jur., p. 269, sec. 137, and Ibid. p. 272, sec. 139. See also 8 Tex.Jur. 10 year Ed., p. 549, secs. 137 and 139. Some of the material parts of the rules of law last above announced were discussed and adhered to by this court in the rather complicated case of Looney et al. v. Doss et al., Tex.Civ.App., 189 S.W.2d 207.

██ It is elemental that where matters are entrusted to a court's discretion his acts will not be reversed on appeal in the absence of a showing that he has abused that discretion. There is no such abuse shown in the *instant case.*

There are facts and circumstances disclosed by this record in addition to the fact findings by the trial court, which materially strengthen the present need of a continuation of the receivership. True, a receivership is said to be a harsh remedy, and therefore it, of necessity, should be terminated when the facts and circumstances surrounding the rights of all interested parties are taken into consideration, yet these matters, like those of the appointment in the first place, are within the discretion of the trial court.

It is our opinion and we so hold that this record does not present reversible error and that the judgment should be and it is hereby affirmed.