# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00714-CV

**Akin, Gump, Strauss, Hauer and Feld, L.L.P., Appellant**

**v.**

**E-Court, Inc. d/b/a PointofPay.Com, Inc., by and through, C. Daniel Roberts, Receiver and Henry L. Mitchell, III, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. GN001971, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this case, we must decide whether the district court abused its discretion in denying the motions of appellant law firm, Akin, Gump, Strauss, Hauer & Feld, L.L.P. (AAkin Gump@), to terminate the receivership of appellee, E-Court, Inc., d/b/a PointofPay.Com, Inc. (AE-Court@), and to set aside an agreement that E-Court=s receiver entered into with other plaintiffs to jointly prosecute a lawsuit against Akin Gump and others. In the first of two issues, Akin Gump contends that the district court abused its discretion in denying the motion to terminate E-Court=s receivership because the receivership is no longer necessary; bankruptcy is the more appropriate venue for liquidation of a corporation; and the receiver has a

conflict of interest in representing the interests of both the corporation and individual investors in the lawsuit against Akin Gump and others.

In its second issue, Akin Gump contends that the district court abused its discretion in denying the motion to set aside the joint representation agreement or declare it unenforceable as against public policy. Its grounds for this issue are that the receiver entered into the joint representation agreement without court authority and that the joint representation agreement creates a conflict of interest by incorporating individual investors=interests into the receivership. Because we find that the district court did not abuse its discretion in denying Akin Gump=s motions, we affirm the orders of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Although the actions underlying this appeal involve lengthy and complex litigation, the issues before us are narrow and our role is limited. We will begin with a discussion of the factual and procedural background relevant to this appeal.

In the late 1990s, Akin Gump represented E-Court and its founder, James Chadwick, in various business matters. In 1999, Chadwick incorporated E-Court, which planned to provide an Internet service for municipalities to accept online payments of traffic fines. E-Court, assisted by Akin Gump, raised capital through private stock offerings to investors, including appellee, Henry Mitchell, who was a partner with Chadwick in another company. One group of investors, including Mitchell, lived in the Austin-San Antonio area; another group of investors lived in South Texas.

In mid-2000, Mitchell brought suit in Travis County against Chadwick and several of his companies, alleging that Chadwick misappropriated company assets for personal use. Included in the

petition was a request for injunctive relief and appointment of a receiver over the companies because Athere is an immediate threat that assets will continue to be dissipated by Defendants.@ Other E-Court investors in the Austin-San Antonio area intervened soon afterward as a putative class.[1] The district court granted the temporary injunction and appointed Daniel Roberts as examiner of the companies, pursuant to chapter 64 of the civil practice and remedies code, with duties to include preserving the companies= assets. *See* Tex. Civ. Prac. & Rem. Code Ann. '' 64.001-.108 (West 1997 & Supp. 2003).

A few months later, the district court granted Mitchell=s emergency motion to convert Roberts=s status from examiner to receiver, on the grounds that E-Court had no board of directors to make decisions and was Afacing imminent self-destruction and loss of value.@ Roberts then filed a motion to retain legal counsel to examine and, if necessary, pursue potential legal action on behalf of E-Court and its investors.

In February 2001, the attorneys for E-Court=s receiver and the South Texas investors entered into an agreement to prosecute claims jointly against Akin Gump and certain members of E-Court=s board of directors. Under this agreement, any recovery was to be distributed through the receivership. The parties then filed suit in Hidalgo County against Akin Gump, Chadwick and certain of his companies, and certain members of E-Court=s board of directors (hereinafter, Ainvestors= lawsuit@). The petition alleged, *inter alia*, that Akin Gump engaged in legal malpractice and breached its fiduciary duty to E-Court by failing to disclose a conflict of interest in representing both Chadwick and E-Court. The petition further alleged that

---

[1] The putative class of Austin-San Antonio investors nonsuited its claims in April 2001.

several of the defendants engaged in fraudulent conduct, including a failure to disclose to prospective investors that Chadwick had been convicted of four felonies.

After one defendant filed for bankruptcy in May 2001, another defendant removed the investors= lawsuit to bankruptcy court. The plaintiffs nonsuited the defendant in bankruptcy, then the federal district court remanded the case to state court. The parties meanwhile engaged in discovery and prepared for a trial setting on September 9, 2002. Chadwick filed for bankruptcy in the summer of 2002, and some of the defendants again removed the case to bankruptcy court. On August 28, 2002, the bankruptcy judge recommended to the federal district court that the case be again remanded to state court because Athis case involves numerous non-debtor plaintiffs and defendants and should be tried as a whole in State Court.@ He further opined that, in light of plaintiffs= pending dismissal of Chadwick, Athe only remaining issues in the case are state issues of malpractice.@ He concluded that with trial pending and discovery nearly complete, involving the federal court Awould be a dramatically uneconomic use of judicial resources.@

Also in the summer of 2002, the parties in the investors= lawsuit proceeded to mediation, where the plaintiffs produced the joint representation agreement to defendants. After an unsuccessful mediation, on September 23, 2002, Akin Gump filed a petition for intervention in the Travis County lawsuit, seeking to terminate the receivership on the grounds that there no longer existed any threat that E-Court=s property was in danger of being lost, removed, or materially injured, and that bankruptcy court was the Aless harsh@ venue for liquidation of a corporation. Akin Gump also moved to set aside the joint representation agreement or declare it unenforceable as a matter of law.

In early October 2002, the Travis County district court held a hearing on various motions by Akin Gump and the receiver. In two orders, the district court denied Akin Gump=s motion to terminate the receivership and to set aside the joint representation agreement or declare it unenforceable. In two issues, Akin Gump contends that the district court abused its discretion in denying these motions.

The current procedural posture is that the investors= lawsuit is pending in bankruptcy court, with a recommendation by the bankruptcy judge that the case be remanded to state court for trial. Although the Travis County case, from which this appeal arises, is also pending, the parties agree that we have jurisdiction to hear this appeal. Generally, orders that Aresolve discrete issues in connection with any receivership are appealable.@ *Huston v. FDIC*, 800 S.W.2d 845, 847 (Tex. 1990) (op. on reh=g); *see Bergeron v. Session*, 554 S.W.2d 771, 773-75 (Tex. Civ. App.CDallas 1977, no writ) (receivership analogous to probate proceedings in having multiple appealable orders). Specifically concerning the motion to terminate, an order refusing to terminate a receivership in a proceeding brought for that purpose is appealable as a final order. *Christie v. Lowrey*, 589 S.W.2d 870, 874 (Tex. Civ. App.CDallas 1979, no writ).

**STANDARD OF REVIEW**

The parties agree that we review a trial court=s decision whether to terminate a receivership under an abuse of discretion standard. *Gilles v. Yarbrough*, 224 S.W.2d 720, 722 (Tex. Civ. App.CFort Worth 1949, no writ) (A[t]he duration of a receivership and its termination is within the sound judicial discretion of the court in which the suit is pending@); *see Mallou v. Payne & Vendig*, 750 S.W.2d 251, 254-55 (Tex. App.CDallas 1988, writ denied). We employ the same standard of review for a trial court=s

5

decision whether to set aside an action taken by a receiver. *See B.B.M.M., Ltd. v. Texas Commerce Bank-Chem.*, 777 S.W.2d 193, 197 (Tex. App.CHouston [14th Dist.] 1989, no writ); *Cornelison v. First Nat=l Bank of San Angelo*, 218 S.W.2d 888, 890 (Tex. Civ. App.CAustin 1949, writ ref=d n.r.e.) (both applying abuse of discretion standard to trial court=s confirmation of receiver=s sale of property).

When reviewing matters committed to the trial court=s discretion, we may not substitute our judgment for that of the trial court. *Bowie Mem=l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). **We may reverse a trial court under this standard only when we find that Athe court acted in an unreasonable or arbitrary manner,@** *Beaumont Bank, N.A. v. Buller*, **806 S.W.2d 223, 226 (Tex. 1991), or Awithout regard for any guiding rules or principles.@** *Owens-Corning Fiberglas Corp. v. Malone*, **972 S.W.2d 35, 43 (Tex. 1998) (quoting** *City of Brownsville v. Alvarado*, **897 S.W.2d 750, 754 (Tex. 1995)). The abuse of discretion standard of review Ainsulates the trial judge=s reasonable choice from appellate second guessing.@ W. Wendell Hall,** *Standards of Review in Texas*, **34 St. Mary=s L.J. 1, 15 (2002).**

## ANALYSIS

### *Termination of Receivership*

In its first issue, Akin Gump contends that the district court abused its discretion in denying its motion to terminate E-Court=s receivership. Akin Gump specifically contends that the district court had no choice but to terminate the receivership because: (1) the receivership is no longer necessary to preserve and protect E-Court=s assets, instead existing only to pursue litigation against Akin Gump; (2) bankruptcy court is the Amore proper@ venue for liquidation of E-Court, providing an adequate legal remedy which mandates the

6

termination of the receivership; and (3) Roberts has a conflict of interest to the extent that he represents the interests of both E-Court and individual investors in the investors= lawsuit.

Akin Gump contended in oral argument that this is a case of first impression because guidance is lacking from the courts about when a receivership will be allowed to continue and what types of claims a receiver may assert. Finding ample guidance for the issues presented, we disagree. Although the facts here are singular, the applicable legal principles are well-established and straightforward.

Receivership is an Aextraordinary remedy to be used cautiously and only in extraordinary cases; and, except where specifically authorized by statute, a receiver will not be appointed if another remedy exists, either legal or equitable.@ *Hunt v. Merchandise Mart, Inc.*, 391 S.W.2d 141, 145 (Tex. Civ. App.CDallas 1965, writ ref=d n.r.e.). The decision to appoint a receiver rests in the sound discretion of the trial court. *See O & G Carriers, Inc. v. Smith Energy 1986-A P=ship*, 826 S.W.2d 703, 707 (Tex. App.CHouston [1st Dist.] 1992, no writ).

Mitchell sought appointment of a receiver for E-Court Ain an action by a creditor to subject any property or fund to his claim.@ Tex. Civ. Prac. & Rem. Code Ann. ' 64.001(a)(2) (West Supp. 2003). As the party seeking appointment of the receiver, Mitchell was required to Ahave a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured.@ *Id.* ' 64.001(b) (West Supp. 2003).

Receivership has been termed a Aharsh@ remedy, and normally a court will not appoint a receiver if another adequate remedy at law or equity exists. *See Parr v. First State Bank of San Antonio*, 507 S.W.2d 579, 583 (Tex. Civ. App.CSan Antonio 1974, no writ). However, when, as here, a receiver is

7

appointed pursuant to sections 64.001(a) and (b) of the civil practice and remedies code, the party seeking appointment of a receiver need not show that no other adequate remedy exists. *See Anderson & Kerr Drilling Co. v. Bruhlmeyer*, 136 S.W.2d 800, 806 (Tex. 1940); *Whitson Co. v. Bluff Creek Oil Co.*, 256 S.W.2d 1012, 1015 (Tex. Civ. App.CFort Worth 1953, writ dism=d) (both construing predecessor statute with requirements similar to sections 64.001(a) and (b)).

A receiver acts not as an agent of a creditor or any other party but instead is an Aofficer of the court, the medium through which the court acts. He is a disinterested party, the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property in receivership.@ *Security Trust Co. of Austin v. Lipscomb County*, 180 S.W.2d 151, 158 (Tex. 1944). Section 64.031 of the civil practice and remedies code sets forth the general powers and duties of a receiver appointed pursuant to chapter 64. Tex. Civ. Prac. & Rem. Code Ann. ' 64.031 (West 1997). Under this section, a receiver, Asubject to the control of the court,@ may:

    (1)   take charge and keep possession of property;

    (2)   receive rents;

    (3)   collect and compromise demands;

    (4)   make transfers; and

    (5)   perform other acts in regard to the property as authorized by the court.

*Id.*

Although usually subject to the supervision of the court, a receiver may bring suits in his or her official capacity without court permission. *Id.* ' 64.033 (West 1997). A receiver has a duty to pursue a corporation=s claims, including unliquidated claims and causes of action belonging to the corporation, and Amay not abandon assets because litigation is required to secure them.@ *Burnett v. Chase Oil & Gas, Inc.*, 700 S.W.2d 737, 741 (Tex. App.CTyler 1985, no writ) (construing article 7.07B of the business corporation act, *see* Tex. Bus. Corp. Act art. 7.07B (West 2003), which sets out a receiver=s powers in the case of an involuntary dissolution).

Generally, a receiver has no greater powers than the corporation had as of the date of the receivership. *See Guardian Consumer Fin. Corp. v. Langdeau*, 329 S.W.2d 926, 934 (Tex. Civ. App.CAustin 1959, no writ). However,

> when the receiver acts to protect innocent creditors of insolvent corporations . . . the receiver acts in a dual capacity, as a trustee for both the stockholders and the creditors, and as trustee for the creditors he can maintain and defend actions done in fraud of creditors even though the corporation would not be permitted to do so.

*Id.*; *accord Shaw v. Borchers*, 46 S.W.2d 967, 968-69 (Tex. Comm=n App. 1932, judgm=t adopted). But a receiver does not have an unfettered right to represent creditors and shareholders of a corporation. A receiver may represent creditors and shareholders only to the extent that the cause of action seeks to preserve or recover corporate assets. *Cotten v. Republic Nat=l Bank of Dallas*, 395 S.W.2d 930, 941 (Tex. Civ. App.CDallas 1965, writ ref=d n.r.e.). A shareholder induced by fraudulent representations to buy stock in a corporation must bring a suit in his or her own name against the party who made the representations. *Id.*

9

We note at the outset that Akin Gump acknowledged in its brief on appeal that it Ahas no criticism of the district court=s initial decision to appoint a Receiver over E-Court.@ Akin Gump instead argues that the district court abused its discretion in denying the motion to terminate the receivership because of what it characterizes as the Aquestionable, suspicious, and egregious circumstances surrounding the E-Court receivership and the conduct of its receiver.@ Akin Gump specifically asserts that there is no longer a continuing need for the receivership; bankruptcy is a more appropriate venue for liquidation of a corporation; and Roberts has a conflict of interest in representing the interests of both E-Court and individual investors. Akin Gump also argues that the district court did not sufficiently take its interests into account when determining whether to terminate the receivership. *See Hammond v. Hammond*, 216 S.W.2d 630, 631 (Tex. Civ. App.CFort Worth 1948, no writ) (when determining whether to discharge a receiver, Athe court will consider the rights and interests of all parties concerned@).

Akin Gump first contends that an Aintangible asset, such as a cause of action, is legally insufficient to continue or maintain a receivership of a corporation which is no longer operational and will be dissolved.@ E-Court counters that once a receivership is established, it should not be terminated as long as it exists for a valid purpose. *See Little Motor Kar Co. v. Blankenship*, 228 S.W. 318, 321 (Tex. Civ. App.CDallas 1921, no writ). The valid purpose here, E-Court contends, is pursuing E-Court=s claims in the investors= lawsuit, which is an asset of the receivership estate. We agree with E-Court. A receiver has a duty to pursue a corporation=s claims, including unliquidated claims and causes of action belonging to the corporation, and Amay not abandon assets because litigation is required to secure them.@ *Burnett*, 700 S.W.2d at 741. The civil practice and remedies code expressly contemplates the need for extension of a

10

receivership in case of litigation. *See* Tex. Civ. Prac. & Rem. Code Ann.'64.072 (West 1997) (allowing extension of a receivership past three years if Alitigation prevents the court from winding up the affairs of the corporation@).

Akin Gump then argues that if there is an adequate legal or equitable remedy other than a receivership, a trial court *must* terminate the receivership. Akin Gump relies on *Parr*, in which the trial court granted a bank=s request for a receivership because the bank had a security interest in property involved in a divorce action. 507 S.W.2d at 580. On appeal, the court determined that the grant of the receivership was improper because the bank=s adequate legal remedy to protect its security interest was to intervene in the divorce proceedings. *Id.* at 583. Here, when a receiver is appointed pursuant to a statute, the party seeking appointment of a receiver need not show that no other adequate remedy at law exists. *See Anderson & Kerr Drilling Co.*, 136 S.W.2d at 806. It necessarily follows that if a receiver is appointed pursuant to a statute, the trial court need not terminate the receivership simply because another adequate remedy at law exists.

Akin Gump further contends that the district court was obligated to terminate the receivership because bankruptcy is a Amore appropriate,@ Aless harsh,@ and Abetter designed@ way to liquidate E-Court and because federal courts view receivership as an Aimproper vehicle@ for liquidation. Akin Gump relies on federal law for this proposition because Ano Texas court has addressed the propriety of continuing an equitable receivership to liquidate an insolvent corporation.@

Upon our review of federal law, we find that federal appellate courts uniformly rest a decision to terminate a receivership in the sound discretion of the trial court. *SEC v. An-Car Oil Co.*, 604

11

F.2d 114, 119 (1st Cir. 1979) (AThe district court possesses a broad range of discretion in deciding whether or not to terminate an equity receivership and our review is limited to determining whether that discretion has been abused.@); *see also SEC v. American Bd. of Trade, Inc.*, 830 F.2d 431, 437-38 (2d Cir. 1987) (although bankruptcy court was more proper forum for liquidation of corporation, court held that because liquidation through receivership was well underway, it would not be in the interests of the parties for proceedings to A>be diverted into bankruptcy channels=@) (citing *Esbitt v. Dutch-Amer. Mercantile Corp.*, 335 F.2d 141, 143 (2d Cir. 1964)).

AAt its core, [a judge=s] discretion means choice.@ Hall, *supra*, at 14 (citing Maurice Rosenberg, *Appellate Review of Trial Court Discretion*, 79 F.R.D. 173, 175 (1975)). Given that Abankruptcy proceedings are *preferred* to liquidation of a corporation@ through a receivership, *An-Car Oil Co.*, 604 F.2d at 119 (emphasis added), it stands to reason that a trial court does not abuse its discretion if it chooses to *maintain* a receivership instead of pursuing the Apreferred@ vehicle for liquidation. Additionally, because the rules of equity govern the powers of a court regarding a receiver, Tex. Civ. Prac. & Rem. Code Ann. ' 64.004 (West 1997), the trial court may take equitable considerations into account in deciding whether to terminate a receivership.

Here, the district court took such considerations into account when inquiring at the hearing about why proceeding to bankruptcy would be Aless harsh@ than continuing the receivership. We also find persuasive the bankruptcy judge=s recommendation to remand the investors= lawsuit to state court because

12

proceeding in bankruptcy court on the eve of trial Awould be a dramatically uneconomic use of judicial resources.@[2]

Akin Gump=s last contention in its first issue is that the district court abused its discretion in denying the motion to terminate the receivership because Roberts as receiver Acannot properly represent the individual interests of E-Court shareholders and the corporation without blatant conflicts of interest.@ Akin Gump asserts that the receiver=s pursuit of claims for Texas Securities Act violations Aon behalf of those innocent investors who are not parties@ to the investors= lawsuit is improper. E-Court responds that the receiver is not pursuing individual claims, instead only preserving claims of unnamed innocent investors who will be entitled to receive a share of any recovery of corporate assets. It emphasizes that the Aonly claims being pursued by the Receiver are those owned by the corporation.@ E-Court also stated in a post-oral argument letter brief that it intends to dismiss the receiver=s claims on behalf of individual investors.

Whatever the status of the receiver=s claims on behalf of Ainnocent investors,@ the law is clear that a receiver may represent creditors and shareholders only to the extent that the cause of action seeks to preserve or recover corporate assets, not individual assets. *Cotten*, 395 S.W.2d at 941. In other

---

[2] We recognize, as counsel for Akin Gump emphasized at oral argument, that the bankruptcy judge did not have before him the issue of whether E-Court should be liquidated through bankruptcy instead of receivership. Nevertheless, we find his recommendation persuasive because it is directly relevant to the issue of whether instituting bankruptcy proceedings, after lengthy receivership proceedings in Travis County and with all but trial completed in the investors= lawsuit, would be a waste of judicial resources.

words, as the district court queried counsel for Akin Gump, a receiver Ais authorized . . . to bring claims on behalf of the corporation that might eventually affect the investors somewhere down the road, is he not?@ Although the receiver may bring such a suit without court approval, *see* Tex. Civ. Prac. & Rem. Code Ann. ' 64.033, the trial court must approve the distribution of any proceeds of the suit. *See id.* ' 64.031. Accordingly, being mindful of the safeguards that court supervision of receiverships provide, we conclude that Roberts does not have a conflict of interest in representing the claims of both E-Court and unnamed innocent investors in the investors= lawsuit, but only to the extent that the individual investors= claims are for the recovery of E-Court=s assets. *Cotten*, 395 S.W.2d at 941.

Having determined that the receivership exists for a valid purpose, namely the pursuit of E-Court=s claims in the investors= lawsuit, *see Little Motor Kar*, 228 S.W. at 321, that the district court was not required to terminate the receivership in favor of bankruptcy proceedings, and that Roberts as receiver does not have a conflict of interest in representing both E-Court and the recovery of E-Court=s assets on behalf of innocent investors, we hold that the district court did not abuse its discretion in denying Akin Gump=s motion to terminate the receivership. We also find that the district court took into account the Arights and interests of all parties concerned,@ giving Akin Gump a full hearing on its motion to terminate. *See Hammond*, 216 S.W.2d at 631. We therefore overrule Akin Gump=s first issue.

### *Joint Representation Agreement*

In its second issue, Akin Gump contends that the district court abused its discretion in denying its motion to set aside the joint representation agreement or declare it unenforceable as a matter of law. It argues that the receiver improperly entered into the joint representation agreement without court

authority, has a conflict of interest by incorporating individual investors= interests into the receivership, and breached his fiduciary duty to shareholders by entering into an agreement that deprives the South Texas investors of their rights to individual claims. E-Court counters that the receiver=s authority to enter into the joint representation agreement arises from his authority to pursue litigation on behalf of the receivership estate without court approval. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 64.033. E-Court further argues that the receiver=s joint pursuit of claims with the South Texas investors is in the best interests of all parties who stand to benefit from a recovery in the investors= lawsuit.

We begin by rejecting Akin Gump=s argument that the receiver has breached his fiduciary duty to shareholders. It failed to raise this contention below, either in its petition for intervention, its motion to set aside the joint representation agreement, or at the hearing on the parties= motions. Akin Gump has not preserved this argument for our review. *See* Tex. R. App. P. 33.1(a).

Soon after being appointed receiver, Roberts sought court approval to hire the law firm of Watson, Bishop, London & Galow, P.C. (now Watson, Bishop, London & Brophy, P.C.) to Apursue the various avenues of relief available to [E-Court] and its investors.@[3] The receiver=s motion to retain counsel informed the court that he was retaining the law firm on a forty percent contingency fee. In February 2001, the receiver=s counsel entered into an agreement with lawyers representing the South Texas investors to prosecute a lawsuit in Hidalgo County. The agreement stated: AWe will jointly prosecute the case on behalf

---

[3] The record does not contain a signed copy of the district court=s order granting the receiver=s motion to retain counsel. According to the district court=s docket sheet, the order was placed in the file unsigned. Because Akin Gump does not challenge on appeal the receiver=s retention of counsel, we will assume that counsel has been properly appointed.

15

of each of our clients. We only represent the Receiver. You will only represent your clients. However, our clients will share in any recovery, whether by settlement or judgment, by distribution through the Receiver.@ Concerning distribution of any proceeds, the agreement further stated that A[a]ny funds received would have to be subject to the priorities set forth in the Texas Civil Practice and Remedies Code and other Texas law dealing with receiverships.@ The attorneys would Atogether seek approval from the court of 40% of the total recovery for attorney=s fees.@

Although Akin Gump argued at the hearing below that the receiver, by entering into this agreement, has disposed of E-Court=s property without court approval, we find no such violation of receivership law. The receiver has the authority to Abring suits in his official capacity without permission of the appointing court,@ Tex. Civ. Prac. & Rem. Code Ann. ' 64.033, and under this authority had the power to pursue the investors= lawsuit. To the extent that the joint representation agreement might enlarge the receiver=s powers, receivership law specifies that the district court will provide ample safeguards. At the hearing on the parties= motions, the district court stated that the receiver would violate receivership law if he distributed proceeds without court approval but doubted whether the joint representation agreement alone presented any violation. The agreement states that the proceeds will be distributed through the receiver, requiring court approval. Further, the agreement expressly provides that the parties will seek court approval of attorney=s fees.

Concerning the issue of whether the joint representation agreement creates a conflict of interest for the receiver, we reiterate that a receiver may represent creditors and shareholders only to the extent that the cause of action seeks to preserve or recover corporate assets. *Cotten*, 395 S.W.2d at 941.

16

Here, the agreement clearly states that the South Texas law firms who entered the agreement, not the receiver, represent the South Texas investors. The court=s approval of the distribution of the proceeds will ensure that the distribution comports with receivership law. Although Akin Gump argues that the agreement prohibits an individual investor from settling, to the contrary, the agreement anticipates the possibility of individual settlements: A[i]f any of our clients settle, we will split the attorney=s fees 50-50 and jointly continue to prosecute the remainder of our client=s [sic] claims.@

Mindful of the safeguards provided by court supervision of receiverships, we conclude that the receiver did not improperly enter into the joint representation agreement, nor does the agreement create a conflict of interest. Accordingly, we hold that the district court did not abuse its discretion when it denied Akin Gump=s motion to set aside the joint representation agreement or declare it unenforceable as a matter of law. We overrule Akin Gump=s second issue.

**CONCLUSION**

AThe duration of a receivership and its termination is within the sound judicial discretion of the court in which the suit is pending.@ *Gilles*, 224 S.W.2d at 722. We could imagine a scenario in which the continuation of a receivership constitutes an abuse, but we have not been cited to any instance of abuse here. The record demonstrates that the receivership exists for a valid purpose of preserving E-Court=s assets through litigation. *See Little Motor Kar*, 228 S.W. at 321.

The district court conducted a full hearing on the issues and made careful findings concerning both the continuation of the receivership and the agreement that the receiver entered into with other plaintiffs to pursue claims against Akin Gump and others. Moreover, because the receiver=s powers are Asubject to the control of the court,@ Tex. Civ. Prac. & Rem. Code Ann. ' 64.031, ample safeguards exist to ensure that the receivership proceedings are conducted in accordance with receivership law. Therefore, we hold that the district court did not abuse its discretion in denying Akin Gump=s motions to terminate the receivership and to set aside the joint representation agreement or declare it unenforceable as a matter of law. We affirm the orders of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   May 8, 2003

18