NO. 07-08-0117-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 17, 2008
_____

IN RE TOM BERNSON, D/B/A BERNSON ENTERPRISES, RELATOR
_____

Before CAMPBELL, and HANCOCK, JJ. and BOYD, S.J.[1]

**ON PETITION FOR WRIT OF MANDAMUS**

On March 17, 2008, relator Tom Bernson d/b/a Bernson Enterprises filed a petition for writ of mandamus seeking an order compelling the trial court to grant additional time for discovery in the underlying case. Because trial of the underlying case was scheduled to begin on March 17, and as the essence of relator's requested relief by this original proceeding is additional discovery time, relator contemporaneously filed a motion for emergency relief seeking a stay of the trial. On March 17, we denied relator's request for emergency relief.

On April 11, relator filed a pleading with this court explaining that the underlying case was tried, the jury answered all questions submitted in his favor, and he has submitted a proposed judgment to the trial court. According to relator, however, at trial he

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

chose not to present claims he deemed dependant on the discovery he alleges the trial court wrongly denied. Relator asserts the trial court's entry of a judgment thus may not cure the harm caused by its denial of additional discovery. Relator concludes his pleading by asking us to either leave his petition for writ of mandamus pending until the trial court enters judgment in the underlying case or reach the merits of his petition. We will address the merits.

Relator's complaint with the trial court arises from the assertedly wrongful denial of discovery by that court. The underlying case now has been tried. To obtain relief by mandamus, relator must show the trial court clearly abused its discretion and he possesses no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A court of appeals may not issue a writ of mandamus if the record fails to demonstrate the lack of an adequate remedy on appeal. *In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding). A writ of mandamus is not a substitute for an appeal. *See Walker,* 827 S.W.2d at 840-41. The underlying case having been tried, we have nothing to demonstrate that appeal of the trial court's judgment would not provide an adequate remedy for relator's complaint. Accordingly, relator's petition for writ of mandamus is denied. Tex. R. App. P. 52.8(a).


James T. Campbell
Justice


2