**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00572-CV

## IN RE RONALD SCOTT CATT, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
268th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCV-229074**

## MEMORANDUM OPINION

On July 20, 2016, relator Ronald Scott Catt filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to reverse the final judgment signed by the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, and to render judgment in his favor.

Relator sued the Fort Bend County district judge who presided over relator's conviction for aggravated robbery and the attorney, who prosecuted the case for the State, for denial of due process related to the forfeiture of property. On March 28, 2016, the trial court signed the final judgment dismissing relator's suit with prejudice under Chapter 14 of the Texas Civil Practice and Remedies Code. Relator claims that the trial court failed to notify him timely of the signing of the final judgment and, therefore, he was not able to perfect his appeal timely. Relator has appealed the same judgment, which is pending in this court in cause no. 14-16-00524-CV.

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). It is improper for the court of appeals to issue a mandamus if the record fails to demonstrate the lack of an adequate remedy on appeal. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding). An original proceeding for a writ of mandamus is not a substitute for an appeal. *In re Sec. Nat'l Ins. Co.*, No. 14-11-00013-CV, 2011 WL 332712, at *1 (Tex. App.— Houston [14th Dist.] Feb. 3, 2011, orig. proceeding) (mem. op.) (citing *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App—Amarillo 2008, orig. proceeding)).

Because the trial court signed a final judgment, relator has an adequate remedy by appeal. *See In re Thomas*, No. 09-15-00240, 2015 WL 3756834, at *1 (Tex. App.—Beaumont June 16, 2015, orig. proceeding) (mem. op.) (holding that the relator had an adequate remedy by appeal because the trial court had signed a

final appealable judgment); *Sec. Nat'l Ins. Co.*, 2011 WL 332712, at *1 (holding that the relator had an adequate remedy at law because the trial court had entered a final judgment); *Bernson*, 254 S.W.3d at 596 (holding that appeal of the judgment would provide an adequate remedy for the relator's complaint where the case had already been tried). Relator requests the same relief in this mandamus proceeding as he seeks in his appeal. Therefore, relator's remedy is still an appeal of the judgment, even if he claims that he was not able to file his notice of appeal timely. *See In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st [Dist.] 2006, orig. proceeding) ("Even if [the relator] is deemed to have untimely filed his notice of appeal, such determination would not demonstrate that [the relator] lacked an adequate remedy by appeal with regard to challenging the dismissal.").[1]

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Wise.

---

[1] By our disposition of relator's petition for writ of mandamus, we do not make any determination regarding whether relator perfected his appeal timely.

3