**Affirmed and Opinion Filed December 14, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01152-CV

## IN RE HEAVEN SENT FLOOR CARE, Relator

On Appeal from the County Court at Law No. 4
Collin County, Texas
Trial Court Cause No. 004-01377-2015

### MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

This is an appeal from an order denying a petition for writ of mandamus filed in the county court at law. Appellant Ken Albrecht, doing business as Heaven Sent Floor Care, suffered an adverse judgment in justice court and attempted to appeal. He filed a notice of appeal and a statement of inability to pay costs. *See* TEX. R. CIV. P. 506.1, 76 TEX. B.J. 440–470 (Tex. 2013, amended 2016).[1] The same day, without a contest by the opposing party or a hearing, the justice of the peace denied the statement of inability to pay costs. Appellant did not appeal the denial of his request to proceed without paying costs. Instead, some months after the justice of the peace's order, appellant filed a petition for writ of mandamus in the county court at law. The county court at law denied the petition after a hearing on the justice of the peace's

---

[1] The supreme court amended the rules regarding statements of inability to afford payment of court costs effective September 1, 2016. We refer to the rules in effect at the time the statement in this case was filed.

motion to dismiss under Rule 91a. *See* TEX. R. CIV. P. 91a. Appellant argues his petition in the county court at law established his entitlement to the writ of mandamus, the justice of the peace abused his discretion by not responding to a request for findings of fact and conclusions of law regarding the statement of inability to pay costs, and the county court at law abused its discretion by not responding to a request for findings of fact and conclusions of law in the mandamus proceeding.

We conclude that an order on a statement of inability to pay when no contest has been filed, is an order sustaining a contest for purposes of appealing that order because Rule 506.1(d)(2) expressly incorporates Rule 502.3(d)(2). *See* TEX. R. CIV. P. 506.1(d)(2) (permitting contest of statement "as provided in Rule 502.3(d)"); *id.* (d)(3) (permitting de novo appeal if contest sustained). Thus, appellant had an adequate remedy by appeal but did not pursue that remedy. Accordingly, the county court at law did not err by denying the petition for writ of mandamus. We affirm.

## STANDARD OF REVIEW

A statutory county court has mandamus power over justice courts. TEX. GOV'T CODE ANN. § 25.0004(a); *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 736–37 (Tex. App.—Dallas 2003, no pet.). This power is not limited to issuing writs necessary for the enforcement of the jurisdiction of the court. *Meridien Hotels*, 97 S.W.3d at 736. An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of civil procedure as any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991) (petition "for a writ of mandamus initiated in the trial court [] is different from an original proceeding for a writ of mandamus filed in an appellate court"); *Dallas Fort Worth Intern. Airport Bd. v. Cox*, 261 S.W.3d 378, 382 (Tex. App.—Dallas 2008, no pet.). This court has appellate jurisdiction over

–2–

such proceedings. *Anderson*, 806 S.W.2d at 792 n.1.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. "We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, No. 15-0094, 2016 WL 3568055, at *1 (Tex. July 1, 2016) (per curiam).

## ANALYSIS

To resolve this appeal, we must determine whether appellant showed he was entitled to a writ of mandamus. Appellant was required to show a clear abuse of discretion and that he had no adequate remedy by appeal. *See Prudential*, 148 S.W.3d at 135–36.

Appellant alleged in his mandamus petition that the order denying his statement of inability to pay was rendered without a contest and without a hearing. We take these allegations as true for purposes of this proceeding. *See* TEX. R. CIV. P. 91a.1. A statement of inability to pay costs filed in an appeal of a justice court judgment may be contested as provided in Rule 502.3(d) within seven days after the opposing party receives notice of the filing. TEX. R. CIV. P. 502.3(d), 506.1(d)(2). Even if a contest is not filed, the judge may "examine the statement *and conduct a hearing* to determine the plaintiff's ability to pay." TEX. R. CIV. P. 502.3(d) (emphasis

–3–

added). Here, appellant alleged the justice of the peace abused his discretion by denying the statement without conducting the hearing required by Rule 502.3(d). *Id.*

We agree the justice of the peace should have conducted the hearing required by Rule 502.3(d), but the failure to follow this procedural requirement did not render the order void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) (per curiam) (failure to conduct hearing did not deprive trial court of jurisdiction to issue order or make order void). "Mere failure to follow proper procedure will not render a judgment void." *Id.*; *see also Hill v. Hill*, 460 S.W.3d 751, 766–67 (Tex. App.—Dallas 2015, pet. denied). To obtain a writ of mandamus, appellant was required to show both a clear abuse of discretion and the lack of an adequate remedy by appeal. *See Prudential*, 148 S.W.3d at 135–36.

Under Rule 506.1(d)(3), if a contest is sustained, the appellant may appeal that decision by filing a notice with the justice court within seven days of that court's written order. TEX. R. CIV. P. 506.1(d)(3). Here, the justice of the peace denied appellant's statement without a contest, so the question is whether appellant could appeal the order under Rule 506.1(d)(3). Looking at the rules as a whole, we see that Rule 506.1(d) allows a statement of inability to pay to be contested "*as provided in Rule 502.3(d).*" TEX. R. CIV. P. 506.1(d)(2) (emphasis added). One of the means of contesting a statement provided in Rule 502.3(d) is: "The judge may, regardless of whether the defendant contests the statement, examine the statement and conduct a hearing to determine the plaintiff's ability to pay." TEX. R. CIV. P. 502.3(d). Because Rule 502.3(d) grants the justice court the power to review a statement even if no contest is filed and the procedure for contesting a statement under Rule 502.3(d) is incorporated into Rule 506.1(d), we conclude that a ruling by the justice court without a contest is an order sustaining a contest for purposes of an

–4–

appeal under Rule 506.1(d)(3).[2]

The record shows appellant did not file a notice of appeal with the justice court within seven days of the order denying his statement of inability to pay. Instead, appellant filed a request for findings of fact and conclusions of law under Rule 296 four days after the order. He filed a notice of past due findings thirty days later. Appellant filed the petition for writ of mandamus in the county court at law approximately six months after the order.[3]

Appellant's explanation for not filing an appeal of the order denying his statement of inability to pay was that he was waiting for the justice of the peace to file findings of fact and conclusions of law. However, findings of fact and conclusions of law under Rule 296 were not required in the justice court proceeding. *See* TEX. R. CIV. P. 296, 506.1(d)(3). Rule 296 by its terms applies only to cases tried without a jury in district and county courts. *See* TEX. R. CIV. P. 296. Rules 500–507 govern small claims cases in justice courts and other rules of civil procedure do not apply to small claims cases absent exceptions not applicable here. *See* TEX. R. CIV. P. 500.3(a), (e)(1). Thus, the justice of the peace had no duty to respond to the request for findings of fact and conclusions of law.[4]

Rule 506.1(d)(3) allows for an immediate appeal from the ruling on a contest to a statement of inability to pay. *See* TEX. R. CIV. P. 506.1(d)(3). Appellant has shown no reason why this remedy is inadequate. *See Prudential*, 148 S.W.3d at 136. Indeed, if appellant pursued

---

[2] To conclude otherwise would lead to the absurd result that a party could appeal the denial of its statement of inability if a contest was filed, but not if the judge examines the statement without a contest as permitted by Rule 502.3(d). *See Hallmark Mktg. Co., LLC v. Hegar*, 488 S.W.3d 795, 797–98 (Tex. 2016).

[3] Appellant attempted to file a petition for writ of mandamus on March 14, 2015, more than three months after the justice of the peace order. His petition was returned for failure to pay the filing fee. This petition, like the one before us, was filed after the deadline to appeal under Rule 506.1(d)(3). TEX. R. CIV. P. 506.1(d)(3).

[4] Appellant argued in the county court at law that his request for findings extended the time to file an appeal under the rules of appellate procedure. *See* TEX. R. APP. P. 26.1. The rules of appellate procedure govern proceedings in the courts of appeal, the court of criminal appeals, and the supreme court. TEX. R. APP. P. 1.1, 3.1(b). They do not govern appellant's attempt to appeal the small claims court judgment to the county court at law.

the appellate remedy available, this matter could have been resolved much sooner than the mandamus proceeding. *See* TEX. R. CIV. P. 506.1(d)(3) (requiring county court to set the matter for de novo hearing within 14 days). Mandamus is not a substitute for appeal. *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App.—Amarillo 2008, orig. proceeding). We conclude appellant had an adequate remedy by appeal from the order denying his statement of inability to pay costs.[5] Thus, the county court at law did not err by dismissing the petition for writ of mandamus.

Appellant had an adequate remedy by appeal which he did not pursue. Thus he was not entitled to a writ of mandamus from the county court at law. Because this issue disposes of the appeal, we need not address the remaining arguments in appellant's brief. *See* TEX. R. APP. P. 47.1[6]

## CONCLUSION

Appellant had an adequate remedy by appeal from the order denying his statement of inability to pay costs. Therefore, the county court at law did not err by dismissing his petition for writ of mandamus. We affirm the trial court's order of dismissal.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

151152F.P05

---

[5] Appellant argues he filed a notice of appeal from the justice court judgment and was not required to file a separate notice of appeal regarding the statement of inability to pay, citing *Muthukumar v. Santa Rosa Apartments*, No. 05-11-00151-CV, 2011 WL 2937443, at *2–3 (Tex. App.—Dallas July 22, 2011, no pet.) (mem. op.). We disagree. *Muthukumar* was decided before the adoption of Rule 506.1 and before amendments to the rules of appellate procedure permitting review of a contest by motion filed in the appellate court. *See* TEX. R. CIV. P. 506.1 (76 Tex. B.J. 440–470 (Tex. 2013, amended 2016); TEX. R. APP. P. 20.1(j), 75 TEX. B.J. 228, 229 (Tex. 2012). Furthermore, Rule 506.1 is more specific and applies to appeals from justice court proceedings rather than appellate Rule 20.

[6] In a final argument, appellant—the party initiating this appeal—requests damages for a frivolous appeal against appellee under Appellate Rule 45. Tex. R. App. P. 45. We reject this request. Were we to determine this appeal is frivolous, which we do not, it would be appellant, not appellee, who would be liable for damages under Appellate Rule 45.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE HEAVEN SENT FLOOR CARE

No. 05-15-01152-CV

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-01377-2015.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

In accordance with this Court's opinion of this date, the August 20, 2015 order of dismissal of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Paul Raleeh recover his costs of this appeal from appellant Ken Albrecht, d/b/a Heaven Sent Floor Care.

Judgment entered this 14th day of December, 2016.