# NO. 12-24-00280-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ANTHONY GAGNON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator, Anthony Gagnon, filed this original proceeding in which he challenges Respondent's denial of his motion to terminate receivership.[1] We deny the writ.

### BACKGROUND

Relator married Real Party in Interest Kristina Gagnon in 2001 in the state of California, where they both resided at that time. On July 23, 2018, Kristina filed a petition for divorce in Los Angeles County. While the divorce was pending, Relator and his dating partner, Lynn Bess, moved to Wood County, Texas, taking with them assets and cash alleged to be community property. On March 17, 2023, the California Family Court rendered a "Default Judgment for Dissolution of Marriage by Default" (the California Judgment). The judgment ordered that Relator and Kristina are divorced, determined child custody and child support obligations for their minor child, and divided their community and separate property. Relevant to this proceeding, the California Judgment awarded Kristina an equalization payment from Relator in

---

[1] Respondent is the Honorable J. Brad McCampbell, Judge of the 402nd District Court in Wood County, Texas.

the amount of $269,093.29. Relator did not appeal the California Judgment, nor did he file a supersedeas bond in the California court.

Subsequently, on November 9, 2023, Kristina petitioned for domestication of the California Judgment in the 402nd District Court in Wood County, Texas, pursuant to Chapter 35 of the Texas Civil Practice & Remedies Code. Relator alleges that he was not properly served with notice of the petition, stating, "Despite the exercise of due diligence, Plaintiff did not discover Defendant's fraud until more than thirty (30) days after rendition of the judgment." However, Relator did not object to the petition, and the California Judgment became a final and enforceable judgment of the district court (the Texas Judgment). On January 22, 2024, pursuant to Kristina's motion as the judgment creditor, Respondent appointed James W. Volberding, an attorney at law and a certified public accountant, as receiver for Relator (Receiver), and ordered Relator to provide Receiver specific financial documents and records (the Receivership Order). Relator did not appeal the Receivership Order and did not produce the documents and records specified therein, leading Receiver to move for Relator to show cause why he should not be held in contempt of court for failure to comply.

Parallel to the Texas proceedings, Relator moved the California Family Court to reopen the portion of the California Judgment allocating his and Kristina's assets. The California Family Court granted Relator's motions, and in its written order stated, "The property division orders of the judgment filed March 21, 2023 (and signed March 17, 2023) are hereby ordered vacated as being void, effective forthwith… Any and all property divisions of the judgment are thus considered void, and the Court hereby orders that enforcement of all property provisions of the judgment are immediately stayed forthwith." The California Family Court further vacated the default it entered against Relator in 2018, ordered Kristina to serve an amended petition for dissolution of marriage and amended property declarations, and ordered Relator to respond thereto. However, the order leaves in place Relator's and Kristina's divorce as well as the child custody and support arrangements.

Thereafter, Relator filed a motion to terminate the receivership and compel an accounting, alleging that because the California Family Court vacated the portion of the California Judgment which awarded Kristina the equalization payment, the domesticated Texas

2

Judgment is necessarily void and cannot support enforcement proceedings. Respondent denied Relator's motion, and Relator subsequently filed this original proceeding.[2]

## MOTION TO TERMINATE RECEIVERSHIP

Relator argues that Respondent's denial of his motion to terminate the receivership and compel an accounting constitutes an abuse of discretion because the California court which rendered the original judgment allocating marital property vacated and reopened the portion of the judgment dealing with property division.

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Generally, a writ of mandamus will issue only when the trial court committed a clear abuse of discretion, and the relator has no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing these prerequisites, and this burden is a heavy one. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.); *see In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 56 (Tex. 1998) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). When a trial court fails "to analyze or apply the law correctly," it clearly abuses its discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The requirement that persons seeking mandamus relief establish the lack of an adequate remedy is a 'fundamental tenet' of mandamus practice." *In re K.L. & J. Ltd. P'ship*, 336 S.W.3d 286, 291 (Tex. App.—San Antonio 2010, orig. proceeding). "The operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the

---

[2] Additionally, on or about August 20, 2024, Relator filed a petition for equitable bill of review alleging that he was never served with notice of Kristina's petition for domestication of the California Judgment (the Texas action underlying this original proceeding).

public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

Relator presents very little argument regarding this second prerequisite, suggesting that he lacks an adequate remedy in this case because the issue is a "jurisdictional conflict," and mandamus is appropriate "when two courts interfere with each other by issuing conflicting orders or injunctions." We are mindful, however, that despite the underlying argument, the nature of the order from which Relator seeks relief in this proceeding is the trial court's order declining to terminate a receivership.

The duration of a receivership and its termination are generally within the sound discretion of the trial court. *Hill v. Hill*, 460 S.W.3d 751, 763 (Tex. App.—Dallas 2015, pet. denied) (citing *Gilles v. Yarbrough*, 224 S.W.2d 720, 722 (Tex. Civ. App.—Fort Worth 1949, no writ)). Discrete orders in receivership proceedings are an exception to the one-final-judgment rule; those orders may be appealed even though final judgment has not been rendered in the main case. *Huston v. F.D.I.C.*, 800 S.W.2d 845, 847 (Tex. 1990); *Hill*, 460 S.W.3d at 763–64. Specifically concerning the motion to terminate, a trial court's order denying the termination of a receivership is appealable as a final judgment. *See CitiMortgage, Inc. v. Hubener*, 345 S.W.3d 193, 196 n.5 (Tex. App.—Dallas 2011, no pet.) (citing *Christie v. Lowrey*, 589 S.W.2d 870, 874 (Tex. Civ. App.—Dallas 1979, no writ)); *Pouya v. Zapa Ints., Inc.*, No. 03-07-00059-CV, 2007 WL 2462001, at *1 (Tex. App.—Austin Aug. 31, 2007, pet. denied) (mem. op.); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. E Ct., Inc.*, No. 03-02-00714-CV, 2003 WL 21025030, at *3 (Tex. App.—Austin May 8, 2003, no pet.) (mem. op.).

In this case, Relator had the ability to appeal the trial court's order denying his motion to terminate the receivership. *See CitiMortgage*, 345 S.W.3d at 196 n.5; *Akin, Gump, Strauss, Hauer & Feld*, 2003 WL 21025030 at *3. Mandamus may not be used as a substitute for an appeal and a party may not attack a trial court's ruling by seeking a writ of mandamus, even if the appellate remedy is no longer available. *In re Fontaine*, No. 12-17-00400-CV, 2018 WL 720802, at *4 (Tex. App.—Tyler Feb. 6, 2018, orig. proceeding) (mem. op.); *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App.—Amarillo 2008, orig. proceeding); *see In re Hart*, 351 S.W.3d 71,

77 (Tex. App.—Texarkana 2011, orig. proceeding) (because relator did not "avail himself of the procedures available to file a notice of appeal, he lost the opportunity to file a direct appeal even though that avenue was available to him ... [m]andamus is not available if another remedy, though it would have been adequate, was not timely exercised[.]"). Relator does not explain how this remedy is inadequate, nor does he contend that availing himself of the appellate remedy would result in a permanent deprivation of his substantial rights or assert that any extraordinary circumstances exist which should excuse this case from the adequate remedy requirement. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004) (orig. proceeding); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding) ("Mandamus should not issue to correct grievances that may be addressed by other remedies.").

To show himself entitled to mandamus relief, Relator must satisfy two prerequisites. He fails to show the second prerequisite, that he has no adequate remedy by appeal. Therefore we need not address whether the trial court clearly abused its discretion. Because Relator has an adequate remedy by appeal, he is not entitled to mandamus relief.

## DISPOSITION

Having determined that Relator has not shown an entitlement to mandamus relief, we *deny* the petition for writ of mandamus. We *lift* our stay of October 2, 2024. All pending motions are *overruled as moot.*

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 11 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 11, 2024**

**NO. 12-24-00280-CV**

**ANTHONY GAGNON,**
Relator
V.
**HONORABLE J. BRAD MCCAMPBELL,**
Respondent

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2023-615)

ON THIS DAY came to be heard the petition for writ of mandamus filed by Anthony Gagnon; who is the relator in appellate cause number 12-24-00280-CV and a party to trial court cause number 2023-615, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on September 13, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6