## FURGERSON v. FIRST NAT. BANK OF PARIS.

### No. 6428.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1949.

Edwin M. Fulton, of Gilmer, and W. C. Hancock, of Pittsburg, for appellant.

Elisha Myers, of Paris, for appellee.

PER CURIAM.

This is an appeal from an interlocutory order appointing a receiver pendente lite. after a hearing by the District Court of Lamar County, Texas, to take charge of certain real estate and personal property located therein, which was the Jefferson Hotel and its contents, situated in Gilmer, Upshur County, Texas.

It appears that on September 1, 1946, V. E. Todd and wife conveyed to Mrs. Dora White an undivided one-half interest, and to W. T. Lawrence and wife an undivided one-half interest in the above mentioned real and personal property. Of the $42,500 consideration the sum of $10,000 was paid in cash, and the grantees in the deed executed a formal installment vendor's lien nonnegotiable note for the sum of $32,500 payable to Todd at Gilmer in monthly installments of $400, the first installment being due October 1, 1946, and the said note contained an accelerating maturity clause at the option of the holder. Thereafter on October 2, 1947, W. T. Lawrence and wife conveyed their one-half interest in the hotel and personal property to the appellant, J. R. Furgerson, who assumed the payment of one-half of the vendor's lien note. On August 21, 1948, Todd transferred the note and lien, without recourse on him, to the First National Bank of Paris, Trustee. At the time of such transfer of the note and lien from Todd to the bank the installment payment of $400 which was due on August 1, 1948, had not been paid. On the 12th day of October, 1948, the bank brought suit on the note, and

1020

asked for a foreclosure of its vendor's lien and the mortgage lien on the personal property. Upon the bank's application for a receiver to be appointed during the pendency of the suit, the court appointed a receiver to protect, preserve and operate the property. The allegations in the petition asking for the appointment of a receiver are to the effect that the "mortgaged property is in danger of being removed or materially injured" while the suit is pending, and it was "necessary that a receiver be appointed to take charge of, operate and preserve the property." The appellant in his points of error urges that the pleadings and evidence in the case are insufficient as a matter of law to authorize the appointment of a receiver under Subdivision 2, art. 2293, R.C.S. of Texas, and that under the usages of equity, Subdivision 4, art. 2293, R.C.S. of Texas, the appointment of a receiver was unauthorized.

Article 2293, Subdivision 2, of our statutes reads as follows:

Subdivision 2. "Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt."

 Subdivision 4 of such article provides that receivers may be appointed under the usages of the court of equity. Two witnesses testified at the hearing on the appointment of a receiver. Appellee's trust officer testified that the bank acquired the note and vendor's lien on August 21, 1948; that he did not know the value of the property in question, but that the bank had an appraisal made at the time Todd sold the property and that it was then worth $50,-000; that he thought the loan was good at the time the bank bought the note and that he did not regard the loan as "shaky"; that the note had been reduced to about $24,000, which was the amount owed on it

when the bank acquired the note from Todd; that the note was bought by the bank at the request of Mr. and Mrs. White, the co-owners of the hotel with J. R. Furgerson, who at that time were having some sort of a dispute with Furgerson over the management of the hotel; that Furgerson had sent checks to the bank for his one-half of the September and October installments due but the bank did not accept them; that Furgerson offered to pay his one-half of the note in full, but the Bank was not willing to accept such payment nor was it willing to assign the note to any one else if Furgerson should find some one to take it up. Furgerson testified that in July, 1948, he went to see Mr. Todd, the owner of the note at that time, which had been reduced to about $24,000, and offered to make a payment in full for the August installment, but Todd told him to wait until the dispute with Mrs. White was settled; that he offered to make payments to the bank for his one-half of the installments due but they were refused; that he had made about $6,000 worth of improvements on the property and he had added more than $1,000 worth of personal property; that the property was in good condition and had been kept up; that he was not about to remove any of the property, nor was any one else about to do so, and that he was not permitting the property to depreciate in value. In addition, Furgerson in his answer offered to post a bond in such sum as the court thought proper guaranteeing to the bank that he would not remove or injure in any manner any of the property upon which the bank claimed the lien, during the pendency of the suit. From these undisputed facts it is to be noted that the bank, plaintiff in the case below, failed to make a showing that there was an immediate urgency for the appointment of a receiver and failed to establish as well that the provisions of Subdivision 2, Article 2293, were applicable. The burden was upon the one seeking the receivership to show that the mortgaged property was in danger of being lost, removed, or being materially injured, or that a condition of the mortgage had not been performed and that the property was insufficient to discharge the mortgage debt. The evidence fails to

show that the mortgaged property was in danger of being lost or materially injured. Too, if a condition of the mortgage had not been performed, still the record reflects that the mortgaged property was of much greater value than the debt and lien against it. Therefore, the conditions necessary to create a basis for the appointment of a receiver within the purview of the statute were not proved by the bank. See Fisher v. First National Bank, Tex.Civ.App., 112 S.W.2d 1085, and many authorities cited therein. Many expressions are found in the authorities to the effect that a receivership is a drastic remedy and should not be applied except under the judicial construction given the statute providing for receiverships, or under the equity principles announced in our decisions.

The judgment of the trial court appointing a receiver is reversed, the receivership vacated, and the receiver ordered discharged.