# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00816-CV

### Roland D. Fortenberry, Jr., a/k/a Dale Fortenberry, Jr. and Fortune Products, Inc., Appellants

**v.**

### Gerald R. Cavanaugh, Jr. and Dianna Cavanaugh, Appellees

---

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 30599, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an accelerated interlocutory appeal from a district court order appointing a receiver for a family business. The dispute arises over the control of the management of Fortune Products, Inc., a business in Marble Falls that manufactures and sells knife sharpeners. Fortune Products was created in 1984 by Dale and Betty Fortenberry. In 2000, they passed half of the business to their son, Dale Fortenberry, Jr., and his wife; the remaining half went to their daughter, Dianna Fortenberry Cavanaugh and her husband, Gerald R. Cavanaugh. The couples serve as the company's sole four directors. Fortenberry is the company's president, Cavanaugh is the company's vice president and chair of the board, and Dianna Cavanaugh is the secretary-treasurer. In five

issues, Fortenberry appeals the district court's order granting the Cavanaughs' motion to appoint a receiver. Because the district court's order appointing a receiver failed to comply with the requirements of Texas Business Corporation Act article 7.05, section A(1)(b),[1] the sole ground on which the district court based its receivership order, we reverse the decision of the district court and vacate the order.

### *The Dispute*

This appeal arises from a dispute over the control of the management of Fortune Products. Due to this dispute, the last shareholder and director meeting in October 2003 ended without the required re-election of directors and officers, and the parties have feuded over the day-to-day management of the company since at least that time. By letter dated June 28, 2003, Fortenberry "exercised [his] authority to discontinue [Cavanaugh's] participation in the day-to-day operations of the company." On June 29 Fortenberry filed a declaratory judgment action in Travis County against Cavanaugh to determine Fortenberry's authority regarding management of the company. Fortenberry obtained a temporary restraining order barring Cavanaugh from his office at the company.

The next day, June 30, the Cavanaughs filed suit in Burnet County against Fortenberry and Fortune Products, seeking a declaratory judgment to determine the respective rights of the parties. The Burnet County action also asserted claims for an accounting, for monetary damages for breach of fiduciary duty and duty of good faith and fair dealing, for the appointment of

---

[1] Tex. Bus. Corp. Act Ann. art. 7.05, § A(1)(b) (West 2003).

2

a receiver, and for injunctive relief. The Cavanaughs obtained a temporary injunction against Fortenberry. Only the temporary injunction in Burnet County remains in effect. Although Fortenberry sought to abate the Burnet County action pending resolution of the Travis County action, venue of an action for the appointment of a receiver is mandatory in this case in Burnet County where the action proceeds pending this appeal.

After hearings on various matters in Burnet County district court in July 2004, including the motion to appoint a receiver, the district court determined

> that the directors of Fortune Products, Inc., are deadlocked in the management of the corporate affairs, that the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof. *The Court takes under advisement the issue of whether all other remedies, either at law or in equity, are inadequate.*

(Emphasis added.) Taking under advisement the question whether all remedies had been exhausted, the court ordered the parties to proceed to mediation.

After the mediation failed, at an October 21, 2004 hearing, the court reiterated that the directors were deadlocked in the management of the corporate affairs and that irreparable injury to the corporation was threatened. As to whether other available remedies were adequate, the court stated: "[N]ow the issue as to whether or not all remedies have been sought, I think that with the failure of the mediation that we have gone as far as we can go to get it corrected, so I . . . hereby order that we appoint a receiver . . . ." On November 29, the court appointed a receiver as the chief operating officer of the company who would also serve as a fifth member of the board of directors.

3

The order also specified that the receiver would "supervise a buy-sell negotiation between the parties in which there will be a complete sale of the stock of one party to the other party."

### *Standard of Review*

We will affirm the interlocutory appointment of a receiver, whether authorized by statute or by equity, unless the trial court clearly abused its discretion. *Abella v. Knight Oil Tools*, 945 S.W.2d 847, 849 (Tex. App.—Houston [1st Dist.] 1997, no writ). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). If the decision was within the trial court's discretionary authority, we may not reverse simply because we might have reached a different decision. *Beaumont Bank*, *N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

The remedy of receivership is an extraordinary remedy that must be cautiously applied. It has been described as a drastic, far-reaching, and harsh remedy. *See*, *e.g.*, *Rowe v. Rowe*, 887 S.W.2d 191, 200 (Tex. App.—Fort Worth 1994, writ denied); *Balias v. Balias*, *Inc.*, 748 S.W.2d 253, 257 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Accordingly, a receiver will not be appointed if another remedy exists at law or in equity that is adequate and complete, even if receivership is authorized under a specific statutory provision, as in this case.

### *Statutory Basis for Rehabilitative Receiver*

Article 7.05 of the Business Corporation Act governs appointment of a rehabilitative receiver "for the assets and business of a corporation." Tex. Bus. Corp. Act Ann. art. 7.05, § A (West 2003). The Act provides that the district court of the county where a corporation's registered

office is located may appoint a receiver to conserve the assets and business of the corporation and to avoid damage to the parties at interest, if all other requirements of law are complied with and there are no other legal or equitable remedies available, including the appointment of a receiver for specific corporate assets. Article 7.05, section A states the preliminary prerequisites for appointment of the receiver:

> A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and business of the corporation and to avoid damage to parties at interest, but only if all other requirements of law are complied with and *if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate* . . . .

*Id*. (emphasis added).

Article 7.05, section A then lists the narrow instances that may warrant the appointment of a rehabilitative receivership. Although the statute lists five circumstances in which the receiver may be appointed, the Cavanaughs assert that three are relevant here. They urge that a receiver was warranted and properly appointed because (i) the directors are deadlocked in the management of the corporation, and the shareholders are unable to break the deadlock, and irreparable injury to the corporation is being suffered or is threatened, *see* article 7.05, § A(1)(b); (ii) Fortenberry engaged in illegal and oppressive conduct, *see* article 7.05, § A(1)(c); and (iii) the shareholders have now been deadlocked for a period that includes the last two annual shareholders' meetings, *see* article 7.05, § A(1)(e). Subsection A(3) authorizes appointment of a rehabilitative

5

receiver in "any other actions" in which "receivers have heretofore been appointed by the usages of the court of equity." Tex. Bus. Corp. Act Ann. art. 7.05, § A(3).

The narrow issue before this Court, then, is whether the district court abused its discretion in appointing a receiver. Before we even reach the specific instances in which a receiver may be appointed, we must determine whether the Cavanaughs have demonstrated that other remedies available either at law or in equity are inadequate. The burden of proof to show the existence of circumstances justifying the appointment of a receiver rests on the party seeking the appointment. *See, e.g., Furgerson v. First Nat'l Bank*, 218 S.W.2d 1019, 1020 (Tex. Civ. App.—Texarkana 1949, no writ). This burden has not been met.

The Cavanaughs contend that the "alternative" remedy proposed by Fortenberry—the lawsuits—is inadequate because it is "nowhere as prompt, complete, practical, and efficient" as the receivership ordered by the district court. While lawsuits are not always tidy and efficient, it is the very issue of deadlock in operation, management, and control, as well as damages, that the lawsuits seek to address. That lawsuits are not expeditious and inexpensive does not mean that they are an inadequate remedy—or more importantly, that they should not be employed before the harsh remedy of receivership is triggered.

The existence of serious disagreements in the present case does not inexorably lead to the appointment of a receiver. The Cavanaughs offered no evidence at the hearings on their motion to appoint a receiver to support the district court's conclusion that other remedies available either at law or in equity were inadequate. No evidence in the record supports the conclusion that any methods—other than the thwarted mediation—were employed to sort out the management

6

difficulties. The failure of a court-ordered mediation to resolve the issues presented by the declaratory actions is insufficient to support the appointment of a receiver.

There also was no evidence of imminent danger of insolvency or other emergency justifying the appointment of a receiver. That the appointment of a receiver is a drastic remedy is clear by the effect of the order, which would transfer control of the company to the receiver. The receiver was also ordered to supervise a buy-sell negotiation between the parties. If that negotiation fails, then the order provided that the court would, at that time, "issue a decision as to the auction or other sale" of the company. The Cavanaughs cannot justify the request for a receivership on the ground that other remedies are inadequate to restore their claimed right of control and to prevent harm when the receivership itself may deprive them of that control. There is no indication in the record why injunctive relief and monetary damages could not be employed to preserve assets or provide an adequate remedy.

Because there were other remedies available, the district court abused its discretion in prematurely ordering the appointment of a receiver with sweeping powers. We hold that, by granting the Cavanaughs' motion to appoint a receiver when there was no evidence supporting its finding that other remedies available either at law or in equity were inadequate, the district court abused its discretion.

Fortenberry also asks that we remand this case to the Burnet County district court so that it may abate the Burnet County action in favor of the first-filed Travis County action. Although the Burnet County district court expressed the view that if it were inclined to deny the application for receivership, then it would abate its action to allow the parties to resolve the claims in the Travis

County lawsuit, it did not rule on the motion to abate the Burnet County action. Because the court has not ruled and we cannot say that this issue is fully briefed on appeal, we reverse the decision of the district court to appoint a receiver, vacate that order, and remand for proceedings not inconsistent with this opinion.[2]

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: June 16, 2005

---

[2] Because of the disposition of this appeal, we overrule Fortenberry's motion to order the trial court to complete the bill-of-exception procedure as moot.